## A. J. AVERILL *v.* The STEAMER HARTFORD.

The rule that requires seizure of the *thing* to give jurisdiction in actions *in rem*, is altered by our statute. Service, on a person standing in particular relation to the thing, confers jurisdiction on the Court from which the process issues.

Hence jurisdiction *in rem* may exist in several Courts at the same time on the same subject.

But the Court whose mesne or final process has made the first actual seizure of of the *thing*, must have exclusive power over its disposal, and the distribution of the fund arising therefrom; and the judgments of all other Courts, when properly authenticated, and filed in the Court having custody of the fund, must be regarded as complete adjudications of the subject-matter of litigation, and be entitled to distribution accordingly.

The sixth chapter of the Practice Act, providing for actions against steamers, vessels, and boats, confers upon the District Courts admiralty jurisdiction *pro tanto*, which must be exercised according to the principles and forms of Admiralty Courts, unless otherwise directed by the act.

APPEAL from the Fourth Judicial District.

There were a number of intervening claims in this case, as exhibited by the record, which were referred to J. S. Hager, referee; whose report as regards the only point made in this Court, is as follows:—

"The referee reports against the several claims of Thomas Stothard, William R. George, Charles Frends, John Thomas, Geo. W. Scriber, L. P. Brooks, and Oliver Montgomery, which are contained in the record and proceedings of the District Court of the Sixth Judicial District.

"The referee is of opinion that this Court has no jurisdiction of these claims, for the reason that they have neither been presented nor filed with this Court, according to the requirements of sect. 329 of the Practice Act, nor have any suits been instituted thereon to enforce them.

"The several parties have instituted suits, filed their claims, and had them adjudicated upon in the District Court of the Sixth Judicial District; and so far as relates to these proceedings they must seek their remedy there. There need not necessarily be a conflict of jurisdiction between this Court and the Court of the Sixth Judicial District. The Court that first obtained jurisdic-

tion by judicial seizure of the steamer will maintain it; and by the terms of the act, all persons who are allowed to avail themselves of its provisions, may apply to the Court having jurisdiction for such relief as they may be entitled to, and there assert their respective claims.

"The referee is of opinion, that the statute referred to confers no authority upon this Court, and that it otherwise has none, to enforce the judgments or orders of the District Court of another district."

*Roberson* and *Morrison,* for

*Hepburn,* for Brooks, et al.

*Rabe,* for Gray and Easterly.

No issues appear to be on file.

The opinion of the Court was delivered by

HEYDENFELDT, Justice.—The sixth chapter of the Practice Act, providing for actions against steamers, vessels, and boats, confers upon the District Courts admiralty jurisdiction *pro tanto,* and the proceedings in such actions must be governed by the principles and forms of admiralty Courts, except where otherwise controlled or directed by the act.

The rule in regard to actions *in rem,* in both admiralty and common law Courts, gives exclusive jurisdiction in a given case to that tribunal which has acquired it by a judicial seizure of the thing; and such seizure has always been held essential to a proceeding *in rem.* Our statute, however, alters that rule. It makes the service of process upon a person standing in a particular relation to the thing equivalent to its seizure, for the purpose of conferring jurisdiction; and it necessarily follows, that jurisdiction *in rem* may exist in several Courts at the same time and over the same subject. If this position appears an anomaly, it is one created by the omnipotent power of legislation.

There need however be no conflict of jurisdiction. The Court whose mesne or final process has made first actual seizure of the thing, must have exclusive power over its disposal, and the distribution of the fund arising therefrom. The judgments of other Courts, where properly authenticated, and filed in the Court having custody of the fund, must be regarded as complete adju-

dication of the subject-matter of litigation which they disclose, and entitled to distribution according to their respective merits. This construction is totally independent of the provisions of sect. 329 of the act. That is intended to provide a summary mode of determining claims of a particular class, which have not been adjudicated by a competent tribunal.

Let the judgment be reversed; and cause remanded.