## G. D. TAYLOR, Respondent, v. THE STEAMER COLUMBIA, Appellant.

The judicial power of the Courts of the United States, in admiralty and maritime cases, is not exclusive, and the States have the power to confer that jurisdiction to its fullest extent upon their own Courts.

APPEAL from the District Court of the Eighth Judicial District, Klamath County.

The plaintiff in his complaint sets out that he entered into a contract with the Steamer Columbia, through her proper officers, for the transportation of himself and family, together with their baggage, from the Port of San Francisco to the Port of Crescent City, in the State of California. That he performed all of his portion of the contract so entered into—paying his passage money, delivering his baggage, and embarking his family.

That at the time of filing the complaint, the steamship was, and had for a long time past, been plying between the Ports of San Francisco, in said State, and Portland, in Oregon Territory, touching at intermediate ports. That upon the arrival of the steamer at the port of Crescent City, the defendant wholly refused to deliver the baggage, and still refused to deliver the same.

That by his detention from business, in his attempts to procure this baggage, he had sustained damage to the amount of $1,500.

That his damage for the loss of said baggage, had amounted to $566, making the total amount of his loss, $2,066.

To this the defendant alleged several grounds of demurrer, among the most important of which were the following :

1. That it appears upon the face of the complaint, that the Court has no jurisdiction of the person of the defendant.

2. That it appears upon the face of the complaint, that the Court has no jurisdiction of the subject of the action.

The Court overruled the demurrer, and the parties proceeded to trial. The jury found for the plaintiff, and assessed his damages at $1,422 50. Defendant appealed.

*Hall McAllister* and *Francis Ganahl*, for Appellant.

The action is a statutory proceeding *in rem*, under the Act entitled "An Act to regulate Proceedings in Civil Cases in Courts of Justice of this State," passed April 29th, 1851, Chapter VI. of which is headed: " Of Actions against Steamers, Vessels and Boats."

The fifth section provides that an action may be brought against a steamer, vessel or boat, for the non-performance or the mal-performance of any contract for the transportation of persons or property, made by their respective owners, masters, agents or consignees.

Our purpose is to show that, this statute being unconstitutional and void, the Court below could not entertain jurisdiction either of the person of the defendant or the cause of the action.

The complaint shows expressly that the Steamer Columbia is a marine vessel, plying on the ocean, on tide waters exclusively, and " now, and for a long time past, has been plying between the Ports of San Francisco, in said State, and Portland, in Oregon Territory, touching at intermediate points."

This makes the Columbia a subject for the jurisdiction of the Admiralty Courts.

The Admiralty has jurisdiction over all roads, harbors and rivers, which are not within the body of a county. Montgomery *v.* Henry, 1 Dall., 49.

Steamboats and lighters engaged in trade or commerce on tide waters, and the seamen employed on board, are within the Admiralty jurisdiction. Thackeray *v.* The Farmer, Gilpin, 532. Smith *v.* The Pekin, Ib., 203. Steamer Orleans *v.* The Phœbus, 11 Peters, 175. Souter *v.* The Sea Witch, 1 Cal, 162.

The cause of the action is the breach of a maritime contract, being nothing more than a contract of passage for the plaintiff, his family and baggage.

To bring a case within the Admiralty jurisdiction, it is sufficient, if it appear by reasonable implication, that the case is a water transaction, though it be not so stated in express terms. United States *v.* La Vengeance, 3 Dall., 297.

If the subject matter of a contract relates to navigation of the sea,

though it be made on land, the Admiralty has jurisdiction. Zane v. The President, 4 Wash. C. C., 453. The Volunteer, 1 Sumner, 151. Certain Logs of Mahogany, 2 Ib., 589. The Tribune, 3 Ib., 144. The Cassius, 2 Story, 81. Freight and Cargo of the Spartan, Ware, 149. The Reeside, 2 Sumner. 567. The Rebecca, Ware, 189. The Phœbe, Ib., 263. The Paragon, Ib., 322.

So much for the cause of action and the person of the defendant, Now as to the statute.

We affirm that the Legislature could not have conferred Admiralty jurisdiction by a proceeding *in rem* on the Common Law Courts of this State.

Admiralty jurisdiction is founded for the most part on the subject matter, and not solely on the place of making the contract. Gardner v. The New Jersey, 1 Pet. Adm., 231. Davis v. Brig, Gilpin, 477. The Mary, Paine, 671.

The Admiralty jurisdiction in cases of contract, depends upon the subject matter of the contract; in cases of tort, it depends upon the locality, viz: whether the transaction occurred on the high seas, or in ports within the ebb and flow of the tide. DeLoris v. Boil, 2 Gall., 465. Thackeray v. The Farmer, Gilpin, 529.

In cases of tort, the Admiralty jurisdiction attaches when the tort has been committed within the ebb and flow of the tide, although it be *infra corpus comitatus*. Waring *et al.*, v. Clarks, 5 How., 451.

By the Constitution of the United States it is declared that the judicial power shall extend to all cases of admiralty and maritime jurisdiction; and it is further declared by the Judiciary Act of the 24th September, 1789, that the District Courts of the United States shall have exclusive original cognizance, etc. 1 Conk. Treatise, 1 and 2.

By the establishment of the District Courts of the United States, the State Courts of Admiralty have been superseded. · Nicholson v. State, 3 Har. & McHen., 109. Ship Portland v. Lewis, 2 Sgt. & R., 201. 2 Virg. Cases, 178.

The Courts of the several States exercising Admiralty jurisdiction, having been superseded by the organization and establishment of the District Courts of the United States, the question remains:—Do the

Common Law Courts of the several States possess any Admiralty jurisdiction? and if they do, what are the characteristics and extent of such jurisdiction?

The Common Law Courts of the several States possess in some cases a concurrent jurisdiction; for the Judiciary Act of the United States leaves to suitors a common law remedy, when the common law is competent to give it. 1 Conk. Treatise, 2.

In the case at bar, the plaintiff is not seeking a common law remedy, but is invoking the aid of a statute of recent existence.

This is conclusive of the case.

What are the cases in which the common law is competent to afford a remedy?

There can be no question that its powers are of no avail in affording a remedy by a proceeding *in rem* to enforce the exercise of Admiralty jurisdiction.

Apart from the recent statutory enactments in some of the States, the process *in rem* is known to the Civil Law only, from which the Admiralty Law has borrowed it.

" Courts of Common Law do not proceed *in rem,*" are the words of Chancellor Kent. 1 Kent's Com., 377. The Rebecca, Ware, 192, 199. Waring *v.* Clarke, 5 How., 460, 461.

What, however, is the Admiralty jurisdiction of the Common Law Courts when the Common Law is competent to afford a remedy?

In all transitory actions, when the process is *in personam*, whenever the person of the defendant is brought within the jurisdiction of the Court by its process, the Common Law Courts, both National and State, can exercise a concurrent jurisdiction. 1 Conk. Treatise, 54. 2 Gall. 421, 422.

The peculiar fiction of venue, by which all actions of a transitory nature are entertained in the forum where the suit is commenced, enables that forum to entertain jurisdiction wherever the cause of action may have arisen, whether on land or water, on the high seas, in harbor, within the ebb and flow of the tide, or on dry land. 1 Smith's Lead. Cases, 590, note.

The saving clause in the Judiciary Act of 24th September, 1789, was not intended to confer a new jurisdiction upon the Courts of Com-

mon Law, and to bestow a remedy unknown to their powers by pro-
ceeding *in rem*, but to preserve the jurisdiction by process *in per-*
*sonam*.

But in the case at bar, the defendant is confessedly, by the com-
plaint, a maritime vessel, used in plying upon the high seas, and not
" used or intended to be used in the navigation of the interior waters
of this State."

To such vessels so used, and intended to be used, a maritime lien
to be enforced in the District Courts exercising Admiralty jurisdiction,
can alone attach.   The Barque Claussen, 2 Story, 457, 460, 461, 462,
463, 464, 465, 466.

There are similar acts to the statute of this State in the other States
of the Union.

The statute is similar in the extreme to the Act of the State of
Missouri.

But the Act of Missouri does not infringe upon the Constitution of
the United States; as the proceeding *in rem* under that Act extends
only to boats navigating the rivers of the State exclusively.

The Admiralty jurisdiction of the Courts of the United States does
not extend to " rivers, but is limited to contracts to be performed, and
to acts committed on the high seas, or on the water within the ebb
and flow of the tide."   The Thomas Jefferson, 10 Peters, 115.   Phœ-
bus *v.* Steamboat Orleans, 11 Ib,, 175.

*Robinson & Beatty*, for Respondent.

The Courts below erred in overruling the demurrer, as the Courts of
Common Law in cases like the present, have concurrent jurisdiction
with the Admiralty Courts.   1 Kent's Com., 377, note C.   Story's
Com. on Const., §1672.   5 Porter, 264.   Gilpin, 474.   Conk. Treat.,
151, 153.   18 Johns., 257.   Waring *v.* Clarke, 5 How., 451.

No conflict can arise, as the jurisdiction is determined by priority of
process.   The Robert Fulton, 1 Paine C. C. R., 629.

HEYDENFELDT, J., delivered the opinion of the Court.   MURRAY,
C. J., and BRYAN, J., concurred.

In the case of Averill *v.* The Steamer Hartford, 2 Cal., 308, we

decided that the Act "providing for actions against steamers, vessels and boats, confers upon the District Courts Admiralty jurisdiction *pro tanto,* and the proceedings in such actions must be governed by the principles and forms of Admiralty Courts, except when otherwise controlled or directed by the Act."

It is argued by the appellant that this Act is unconstitutional, because the second section of the third article of the Constitution of the United States declares: "The judicial power shall extend to all cases of Admiralty and Maritime jurisdiction."

In the case of Gordon *v.* Johnson, 4 Cal., 368, we had occasion to examine and settle the proper rule of construction, as to the judicial powers relatively of the Federal and State Governments. Taking as our point of departure, the universally conceded principle, that the States are original sovereigns, with all powers of sovereignty not expressly delegated by the Federal Compact, we adopted as the test between the delegated and reserved powers, the rule laid down by the earliest and ablest commentators on the Constitution. Hamilton, Madison, and Jay, are each alike responsible for the positions maintained in the *Federalist,* and two of them, at least, are favorable to giving every latitude of construction, which could strengthen the power of the Central Government at the expense of the reserved powers of the States. Notwithstanding this tendency, the general rule of construction which they favored is warranted by the soundest reasoning and the justest comprehension of the complex character of our Government.

To deprive the States of any power belonging to original and absolute sovereignty, it must be shown that the grant of the power to the United States is, by the language of the Constitution, exclusive; or that it is expressly prohibited to the States; or, that from the nature of the power, its exercise by both is incongruous and incompatible; or in the language of Mr. Hamilton, "absolutely and totally contradictory and repugnant."

The objection to the jurisdiction which the Legislature of California has conferred upon the Courts of the State, can only be argued upon the last proposition of the rule: because, in the clause of the Consti-

35

tution of the United States giving that power, or elsewhere, there are neither words of exclusive grant nor of prohibition.

Is the exercise of the jurisdiction by the Courts of both Governments contradictory and repugnant? Certainly not more so than the exercise of jurisdiction in the large numbers of cases in reference to which all authorities admit the powers of the two Courts to be concurrent; and indeed it may well be questioned whether the objection is not more insignificant when applied to most cases of Admiralty and Maritime jurisdiction, than to any other class. For in these, the general principle is, that jurisdiction is acquired by seizure of the thing, which, when once seized, must be disposed of by the Court whose process holds it, so that conflict of jurisdiction is out of the question.

This subject, however, was fully examined in the case of Gordon *v.* Johnson, before cited, and we are satisfied to adhere to our treatment of the proposition as then laid down.

It results from the views we have taken, that the States are not deprived by the Constitution of the United States, of the power to confer upon their own Courts all Admiralty and Maritime jurisdiction; that consequently Congress has no power to make this jurisdiction exclusive to the Federal Courts, and that therefore the Act under review, of the California Legislature, conferring Admiralty jurisdiction upon the District Courts of the State, is constitutional and valid.

Judgment affirmed.