(Hamilton Co. Court of Common Pleas.)

## JOHN OMWAKE v. LUCY JACKSON.

Notwithstanding the pendency of foreclosure proceedings, mortgaged property passes into the jurisdiction of the court of insolvency by a deed of general assignment filed at any time before the actual seizure of the property by the mesne or final process of the court in the foreclosure suit.

JELKE, J.

The petition in foreclosure of a real estate mortgage was filed herein July 18, 1896; on March 26, 1897, an amended petition was filed; Lucy Jackson answered April 24, 1897, with a general denial; another defendant also filed an answer and cross-petition. On October 27, 1897, this cause was practically ready for decree and order for sale. On that day an entry was made, making Channing Richards, assignee of Lucy Jackson, a party. On October 30, 1897, the said assignee filed an answer, and on the same day Lucy Jackson filed a supplemental answer, setting out that on the 23rd day of October, 1897, the said Lucy Jackson had made a general assignment for the benefit of all her creditors to the said Channing Richards; that, therefore, the court of insolvency has exclusive jurisdiction of the sale of the property.

I am of the opinion that the mortgaged property having passed into the jurisdiction of the court of insolvency by the filing of the deed of assignment therein, the comity which exists between this court and that, the courts being of concurrent jurisdiction, would prevent any interference by this court by issuing an order of sale to the sheriff.

The court of insolvency acquired jurisdiction of the property by the filing of the deed of assignment.

Havens v. Horton, 53 Ohio St., 344.

In the case at bar jurisdiction does not attach exclusively to the property until the court lays hold of it by mesne or final process.

It will not do to say this court acquired exclusive jurisdiction over the property by the filing of the petition in foreclosure. Non constat on the trial of

[COPYRIGHT, 1898, BY CARL G. JAHN.]

the issues an order for sale might never be made.

The court whose mesne or final process has made the first actual seizure of the thing must have exclusive power over its disposal and the distribution of the fund arising therefrom. Averill v. Steamer Hartford, 2 Cal., 308; Barr v. Chapman, 5 C. C., p. 74.

Personal judgment, likewise judgment for costs, may be obtained in this proceeding, the property will be sold in the proceedings in the court of insolvency.

C. W. Baker and Michael Heintz, for plaintiff.

Channing Richards and Thomas McDougal, for defendant.