## FOURMAN v FOURMAN

Common Pleas Court, Montgomery Co

No 90327. Decided Feb 8, 1940

**4**

Holland & Holland, Dayton, for defendant.

Irvin Carl Delscamp, Dayton, for plaintiff.

### OPINION

By MILLS, J.

On December 22, 1939, Arlene F. Fourman, defendant herein, and plaintiff in Case No. 22021 Domestic Relations filed her amended petition for divorce and alimony, both temporary and permanent, and asking that the right and title to the real estate described in the amended petition be awarded to her. To that amended petition, defendant Waldo F. Fourman in Case No. 22021 Domestic Relations, and plaintiff herein, filed an answer setting up his defense, admitting they were both joint owners in the real property described therein.

Now, the same two parcels of real property have been described in the within case, No. 90327, entitled Waldo F. Fourman v Arlene F. Fourman, filed in the Common Pleas Court of Montgomery County, Ohio, wherein plaintiff sets forth the joint ownership of said real property, sets forth the fact that Arlene F. Fourman is collecting the rents and profits from Tract I, amounting to Twenty Dollars ($20.00) per month, and has collected to date approximately Eighty Dollars ($80.00), and that she refused to pay to Waldo F. Fourman, plaintiff herein, the undivided one-half thereof due him, and adding further that it would be for the best interest of both parties concerned to have a receiver appointed to collect said rents and manage said property pending the hearing of this action in partition, praying either to have his interests set off to him and that partition may be

made and his interests set off to him, or that the property be sold and the proceeds divided and he be awarded his one-half interest.

In the within action, No. 90327, Common Pleas Court, Montgomery County, Ohio, it appears that on January 2, 1940, plaintiff Waldo F. Fourman filed a motion moving for the appointment of a receiver to take charge of the rents, profits, and management of the real property described in the petition during the pendency of this cause. A notice was served by the sheriff of Montgomery County, Ohio, on January 3, 1940, on the defendant Arlene F. Fourman, stating that a motion had been filed for appointment of a receiver and that said motion would be set for hearing before one of the judges of the Common Pleas Court of Montgomery County, Ohio, on Monday, January 8, 1940, at 9:30 o'clock, A. M.

On January 10, 1940, counsel for plaintiff Waldo F. Fourman, appeared before Judge Charles Lee Mills, Common Pleas Court, in open court and produced the original petition, which was sworn to, and by statement of counsel on being questioned by the court as to whether or not the defendant had been served with notice and represented by counsel, and whether counsel was present or not, or if the defendant was present, and the court being advised that defendant was neither in court nor represented in court by counsel sometime around ten o'clock on said date, granted plaintiff's motion for the appointment of a receiver, and appointed Oliver Long as such receiver. Bond was fixed at one hundred dollars.

Thereupon George Holland, counsel for defendant, appeared in court and filed a motion to strike the plaintiff's motion from the files stating different causes and reasons, one of which was that the court upon the appointment of the receiver did not receive any testimony and for another reason that counsel for plaintiff knew the defendant had counsel and that defendant was in another court and the other court had jurisdiction to appoint a receiver, to-

wit, Judge Null M. Hodapp, and furthermore, that Judge Null M. Hodapp had the motion docket upon the morning in question. Another ground was that there was another case pending in the Common Pleas Court of Montgomery county involving the same subject matter and same parties, and that this court had no jurisdiction to grant a receiver.

Counsel have cited cases, argued the case at length, and have presented briefs.

In the first place, this court had charge of the equity docket of court at the time and place the receiver was appointed.

In the second place, this court's opinion was that it was not necessary to hear any extended testimony when there was no one present at the time of the hearing. It was unfortunate that counsel for Mrs. Fourman at the time and place was of the opinion that it would be held before the court having the motion docket that morning. It has been the rule and custom of this court that all equity matters come before the Equity Judge, unless otherwise directed, and that was done. So far, the court is of the opinion that he had jurisdiction, there being no other intervening cause or reason. The court considers it unnecessary to pass upon the question of whether or not the Court of Domestic Relations of Montgomery County, Ohio, has or does not have any jurisdiction by reason of the passage of **116 Ohio Laws, p. 157, et seq.**

Sec. 1532 GC, the part applying to the Common Pleas Court, qualifications of judges; term; vacancy, how filled; number of judges for each county, time of election and beginning term, is as follows:

"* * * Each judge heretofore elected as a judge of the Common Pleas Court shall continue to serve as judge of said court until the expiration of his term of office; ¹ * *"

The question is, is their sufficient power given by the Legislature in those words? The court is of the opinion that the former law enacted designating the judge of the Court of Domestic Relations as a Common Pleas Judge, and under the above words empowering him to serve as a Common Pleas judge until his successor is elected, suficient powers and duties of the Common Pleas Court would be read into this section giving the same powers and duties that the Common Pleas judges had heretofore.

But let us consider it further. Let us assume that there isn't a Court of Domestic Relations specifically for the period from 1936 to 1941. The fact that this case, this divorce case, was filed would give any one of the judges of the Common Pleas Court jurisdiction to pass on the divorce and the alimony. The court is of the opinion that the Common Pleas Court, whether the Court of Domestic Relations or any other division of the court hearing a divorce action, has authority to award property to the wife for the aggressions of her husband, divesting him of all his right, title, and interest thereto. Quoting from **108 Oh St 30, Cook v Mozer:**

"The doctrine of lis pendens has appropriate and special application in an action for divorce and alimony, especially where the property directly involved and claimed is specifically described in the pleadings."

The property was specifically described in the divorce case, No. 22021 Domestic Relations, Montgomery County, Ohio, the same as in this partition suit herein.

The question now comes as to what is the definition of lis pendens? What is the doctrine of lis pendens? Quoting from 25 Cyc. 1450, cited on page **36, 108 Oh St:**

"The general rule is that one not a party to a suit is not affected by the judgment. The exception is that one who acquires an interest in property which is at that time involved in litigation in a court having jurisdiction

of the subject-matter and of the person of the one from whom the interests are acquired, from a party to the proceedings, takes subject to the judgment or decree, and is as conclusively bound by the result of the litigation as if he had been a party thereto from the outset. This is so irrespective of whether he has been made a party to the proceedings, or had actual notice of the pendency of the proceeding, and even where there was no possibility of his having had notice of the pendency of the litigation. It is immaterial that a purchaser was a bona fide purchaser and for a valuable consideration. While there is no doubt whether lis pendens has the effect of constructive notice, it is almost universally held that strictly speaking the doctrine of lis pendens is not founded upon notice but upon reasons of public policy founded upon necessity.

It has been said that it is essential to the exisence of a valid and effective lis pendens that three elements be present: (1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; and (3) the property or res involved must be sufficiently described in the pleadings. It may be added that the litigation must be about some specific thing that must be necessarily affected by the termination of the suit.

"Ordinarily a suit for divorce or to compel support, being of a personal nature, is not lis pendens; but a suit for divorce and alimony is lis pendens where the complaint describes specific property which is sought to be set apart to the complaining party or charged with the payment of the sum claimed, and where such relief may be granted in a proper case."

17 R. C. L., page 1008, In re Lis Pendens, definition; scope of article:

"A lis pendens is, literally, a pending suit, and is occasionally ▇▇▇▇▇▇ ▇ used by the courts merely in this sense, but as ap-

plied to the doctrine which is the subject matter of this article, it may be defined as the jurisdiction, power, or control which courts acquire over property involved in a suit, pending the continuance of the action, and until its final judgment therein. This article is limited to a general discussion of the doctrine of lis pendens as above defined."

On page 1011, same citation:

"Two different theories have been advanced as the basis of the doctrine of lis pendens. Numerous courts and text writers state that it is referable to the doctrine of constructive notice, and say that a pending suit concerning property operates as notice to the world, and that a purchaser of the property under one of the parties is bound by the result of the litigation, because he is charged with such notice. All the inhabitants of the realm are supposed to pay attention to and be familiar with that what is going on in courts of justice, and having knowledge thereof can not interfere therewith by dealing with property already the subject of litigation. The effect of lis pendens and the effect of registry on this theory are in their nature the same thing. They are only different examples or instances of the operation of the rule of constructive notice. They are record notices. One is a record in one place and the other a record in another place. A purchaser must consult both places of record for light and information. Many cases state that a lis pendens charges subsequent purchasers with notice of the pendency of the action, that a person so acquiring an interest is presumed to have had notice, and to have acted in bad faith in taking the conveyance."

The court wonders if counsel for defendant has not confused lis pendens with abatement. **Article 9 of 1st O. Jur. p. 33,** is as follows:

"It has been held that a former action will not abate a subsequent one if the parties are reversed."

**Article 10,** same citation:

"If a prior action is to work an abatement of a subsequent one, not only must both suits be pending at the same time for the same cause and between the same parties, but it is necessary, also, that both suits be pending in the same jurisdiction."

Citing Hamilton County Insolvency Court case, entitled **McEntee v McEntee,** reported in **Vol. 56 Weekly Law Bulletin, page 212:**

"Husband's action for divorce in court of concurrent jurisdiction not abated by fact of prior suit for divorce and alimony by wife upon different cause of action." The court therein asks the question: "Does the pendency of such divorce suit prevent the plaintiff herein from bringing this suit for divorce in this court against his wife, or must he in her suit against him file his cross petition against her?" And goes on to say:

"I think that §11997 GC is in terms permissive, and not obligatory, and that this plaintiff may, or may not, as he chooses, file a cross petition in his wife's suit.

While both suits are for divorce and between the same parties, reversed as plaintiff and defendant, the cause of action in each is entirely different, and upon elementary principles the suit last instituted is not abated under such circumstances.

To work an abatement in such case not only the parties must be the same but the cause of action must be the same in both suits.

It is manifest, I take it, that the facts constituting the cause of action in the one case would not be and are not the facts constituting the cause of action in the other case.

The question of convenience or inconvenience or of hardship is entirely immaterial. The rights of the parties can be worked out upon well established legal principles. No question of comity properly arises under these facts. Nothing has been decided in the Common Pleas Court, except the judgment for alimony pendente lite, which will be respected here. This court has jurisdiction and that jurisdiction has been invoked by the plaintiff, and the Common Pleas Court has not acquired jurisdiction in any way of his cause of action for divorce."

In the above case a divorce action had been filed by Margaret McEntee against James A. McEntee in the Common Pleas Court of Hamilton County, Ohio.

Quoting from **9 OO 75, 55 Oh Ap 505, McQuain v McQuain,** decided May 25, 1937, by the Court of Appeals of Summit County, Ohio,

"In a simple action for divorce, alimony and injunctive relief, authorized exclusively by the statutes of Ohio, the equity powers of the court are not invoked, and the appointment of a receiver to take charge of the property of the litigants is not authorized."

Quoting from **95 Oh St 162, Marleau v Marleau:**

"A proceeding for alimony does not invoke the equity powers of the court but is controlled by statute. The court is only authorized to exercise such power as the statute expressly gives, and such as is necessary to make its orders and decrees effective."

There we see that the Common Pleas Court in an action for divorce and alimony, has no jurisdiction in chancery, has no power to appoint a receiver, and while the Common Pleas Court in the divorce action before it may give to the wife sufficient alimony in order to take all of the real property involved in the litigation, yet that may not happen because the charges filed by the defendant in the case before said court are such that the court

may deny her of all right of alimony if defendant proves his case.

The court has found another case decided by the 1st Circuit Court of Hamilton County, Ohio, November Term, 1890, by Judges Swing and Smith, entitled: Barr v Chapman. Therein a suit was commenced in the Common Pleas Court of Hamilton County against a large number of defendants, alleging that he was a tenant in common with them in the real estate described in the petition, praying for a partition and an account as to rents and profits. His right thereto was denied by the parties in possession and after a trial on the issues raised by the pleadings, but before the entry of judgment, other persons claiming to own an interest in said real estate, applied to be made parties to said action, and it not being done at once, they commenced an action in the Superior Court of Cincinnati, asking for the partition of said premises and for an accounting. After this a final decree was rendered in the case in the Common Pleas Court, granting the prayer of the plaintiff, (the parties to the other case not having been made parties to this), and an appeal was taken to the circuit court. The case brought in the superior court was, on the application of a part of the defendants, duly removed to the United States Circuit Court, and sundry new parties there made and various interlocutory orders entered, but no final decree made. The plaintiffs in such cases were by order of the Circuit Court of Hamilton County made defendants to the action, and filed their answer setting up these facts and averring that by reason thereof this court had no jurisdiction of their person or of the subject of the action.

"Held:

1. That such answer constitutes no defense and a demurrer thereto should be sustained.

2. On the appeal of such action to the circuit court, persons asserting an ownership in the lands sought to be partitioned, and who were not parties thereto in the Common Pleas Court,

may properly be made defendants in the Appellate Court.

3. On the removal of the action brought in the Superior Court to the United States court, such court had the exclusive right to hear and determine the same, but did not have exclusive jurisdiction of the subject matter of the partition of said lands, or the settlement of accounts as to the rents and profits thereof. The pendency of either of such actions could not rightfully be pleaded in abatement or bar of the other. Each court has jurisdiction of the action pending therein, and may proceed to hear and adjudicate the same, but on the entry of a final decree in one of said cases, settling the rights of the parties thereto, such judgment may be pleaded in the other action. And under the principles of comity governing courts of like jurisdiction, care would be taken by both to avoid improper interference with the other and fully protect the substantial rights of the parties."

There is a similiarity in this same action. One action is for divorce and alimony, and in the instant case, the one before this court, partition is asked for. The Common Pleas Court in a divorce action can not grant partition of real property and may not grant the plaintiff alimony, and has no jurisdiction to appoint a receiver to conserve the rents and profits until the final hearing of the case.

Let us assume that the court trying the divorce case would grant one-half, or any other proportional share of the husband's property to the wife. Can anyone argue that partition would not still lie in order to determine the respective shares in the real property of husband and wife, and in order to either have it divided in metes and bounds or else sold and the money divided proportionately? Couldn't the share given to the wife, assuming that she is given alimony, be set up as an answer or amended answer in the partition suit to determine at the time the

actual judgment is rendered in partition their respective shares?

In this action the wife can bring to the Common Pleas Court's attention the fact that there is another case pending, and the court will take judicial notice of that fact and act accordingly, because the divorce case being filed first and service being had first, the action of the court granting or refusing the divorce, or granting or refusing alimony would have prior jurisdiction, and the court hearing the partition suit would be bound to respect the rights of the parties and be governed by the decree of the court in the divorce and alimony case, and whatever action the Common Pleas Court in trying the partition case would take, said court must be governed by any lien upon the property created by the decree of said court, or any division of the real property in the divorce case.

The Common Pleas Court has jurisdiction of both a divorce action and an action in partition. Neither should interfere with the other. So far as this court is concerned it has not yet interfered with the jurisdiction of the divorce and alimony action. So far nothing but a receiver has been appointed for the collection of the rents and conservation of the same. Anyone acquiring the separate interests of either party by deeded gift or by sale would be bound by the doctrine of lis pendens because of constructive notice that this property is in litigation.

The court will, therefore, overrule defendant's motion herein to strike plaintiff's petition and motion for the appointment of a receiver from the files, and will also overrule defendant's motion to vacate the order appointing a receiver.

See also 5 **Ohio Nisi Prius, 119, Omewake v Jackson.**