**LICKING COUNTY AGRICULTURAL SOC v BOARD OF COUNTY COMMISSIONERS**

Ohio Appeals, 5th Dist, Licking Co

Decided June 25, 1934

236

## OPINION

By LEMERT, J.

In the presentation of this case in the Common Pleas Court, the plaintiff and its counsel took the position that it was the owner of the tract of land here in question and of the buildings and other structures and improvements thereon. The contention of the plaintiff on this point was that The Licking County Agricultural Society had no authority to convey this tract of land to the Board of County Commissioners at the time it executed its deed therefor under date of December 17, 1927, and that for this reason the Board of County Commissioners of Licking County did not obtain any title to the property and therefore had none to convey to The Ohio State Archaeological and Historical Society.

On this point we are of the opinion that The Licking County Agricultural Society did have ample authority to convey this tract of land to the Board of County Commissioners of Licking County, Ohio. Under §9885, GC, a society of this kind is declared to be a body corporate and politic. In other words, this society is a corporation, and as such it has the attributes of any other corporation which has been called into being by the voluntary action of the

individuals forming the same for their own advantage, convenience or pleasure. 46 Oh St, 93.

Being a corporation, it follows that unless restricted by law, it would have the implied authority that corporations generally have to convey property owned by them, **Ohio Jurisprudence, Vol. 10, page 879, §651.**

In matters of this kind, it is elementary that, where the parties to a transaction of this kind, involving public moneys, have not strictly followed the requirements of the law in the expenditure of public moneys, the law will leave the parties where it found them. **77 Oh St, 7.**

In any event, it is certain that The Licking County Agricultural Society could not at this time, or at any other time, question the transaction without paying back to the county commissioners the Twenty-five Thousand Dollars and more which the county commissioners paid out in satisfaction of the debts of the Licking County Agricultural Society, and as to The Licking County Agricultural Society the rule applies that:

"A person who assumes to convey an estate by deed is estopped as against the grantee and those in privity with him to assert anything in derogation of the grant." **Ohio Jurisprudence, Vol. 16, page 559.**

The Ohio State Archaeological and Historical Society, by reason of the conveyance of this property to it by the Board of County Commissioners, is in privity with said Board of County Commissioners, which board was the grantee in the deed executed by The Licking County Agricultural Society, and for this reason The Licking County Agricultural Society is estopped as against The Ohio State Archaeological and Historical Society to assert anything in derogation of its grant to the Board of County Commissioners of Licking County.

So that we are of the opinion that The Licking County Agricultural Society had the lawful authority to convey this property to the Board of County Commissioners of Licking County and that said Board of County Commissioners had authority to purchase the same.

In this case, the plaintiff, acting through its proper officers, pursuant to a resolution of its board of directors executed a deed in due form of law, whereby this property was conveyed to the Board of County Commissioners of Licking County, Ohio, and thereafter the Board of County Commissioners of Licking County, Ohio, acting under authority of Amended Senate Bill No. 369, enacted by the 90th General Assembly, under date of June 8, 1933, conveyed this property, by a properly executed deed, in due form, to the defendant, The State Archaeological and Historical Society.

In this situation, and it further appearing that the plaintiff is not in possession of the property, it clearly follows that the plaintiff can not by an action of this kind stultify itself by questioning a chain of title to land which was created by its own solemn act.

Plaintiff in its petition claims that it has the control and management of the tract of land here in question for County Fair purposes, and its contention in this case is that, notwithstanding the conveyance of this property by the plaintiff to the Board of County Commissioners of Licking County, and the subsequent conveyance of the property by the Board of County Commissioners of Licking County, Ohio, to The Ohio State Archaeological and Historical Society, it still has the right to control and manage these grounds for County Fair purposes by reason of a recital in its deed to the Board of County Commissioners as to the consideration for this conveyance. In other words, this deed was executed by The Licking County Agricultural Society to the Board of County Commissioners of Licking County in consideration of the assumption by the Board of County Commissioners of the indebtedness of the society and the agreement of the Board of County Commissioners to permit the agricultural society to have possession of the grounds for a period of two weeks every year for the purpose of holding a County Fair thereon.

In this connection it is well to note that this recital appears only in the consideration clause of this deed, and then only by reference to the resolution of the Board of Directors of the Agricultural Society, authorizing the execution of the deed. It does not appear as either a condition precedent affecting the transfer of the title or as a condition subsequent, such, as upon violation of the agreement by the county commissioners, would enable the society to recover the property.

In this state it is the settled rule that the mere fact that a deed conveying real property contains a statement of the purposes for which said property is conveyed does not impose any condition or limitation upon the use of the property by the grantee. **120 Oh St, 309-312.**

In this state it is a rule equally well established, that even though property is

conveyed upon the express condition that it is to be used for a particular purpose, the failure or refusal of the grantee to use the land for such purpose will not give the grantor a right to recover the property without the inclusion in the instrument of a provision giving such grantor the right to re-enter the premises upon the violation of such condition. 58 Oh St, 67; 85 Oh St, 251.

We are of the opinion that the rule is:

"In the absence of fraud a deed will not be avoided or cancelled because the consideration expressed therein is not paid, or because the grantee fails to carry out an agreement set forth in the deed as a consideration therefor."

So that equity will not interfere ordinarily where a grantor has seen fit to accept a promise on the part of his grantee for the performance of certain acts, without specifically providing that failure to perform shall be a condition of forfeiture, or in some way affect the validity of the deed or entitle him to a reconveyance. Ruling Case Law, 500; Pomeroy's Equity Jurisprudence, §2108.

We find that in the case presented here the conveyance of this property by the Board of County Commissioners of Licking County, Ohio, to The Ohio State Archaeological and Historical Society was under the authority of a special act of the 90th General Assembly of the state of Ohio; which act is known as "Amended Senate Bill No. 369", and is found in 115 Ohio Laws, 465.

Under the provisions of §10198-1, GC, (115 O. L. 207), an incorporated society, such as is The Ohio State Archaeological and Historical Society, is authorized to acquire and hold lands which are the sites of any historic or prehistoric mounds or earthworks. The lands here in question are the sites of prehistoric mounds and earthworks such as have no counterpart in any lands owned by any other of the counties of the state, and this fact, together with the fact that The Ohio State Archaeological and Historical Society was and is a society specially authorized to acquire lands of this kind, made it proper and appropriate for the legislature to authorize the conveyance of the particular property here in question by a special act for this purpose.

This act provides that in consideration of the agreement of The Ohio State Archaeological and Historical Society to accept and hold for and on behalf of the state of Ohio the land and premises therein described and "upon which are located an extensive system of prehistoric mounds and earthworks and to preserve and maintain the same as a public park, under proper rules and regulations; which agreement shall be incorporated as a condition in the deed," the Board of County Commissioners of. Licking County, Ohio, is authorized to convey to The Ohio State Archaeological and Historical Society the lands and premises therein described; which are the lands and premises involved in this action.

Pursuant to the provisions of this act, the Board of County Commissioners of Licking County, Ohio, on October 11, 1933, duly executed a deed to The Ohio State Archaeological and Historical Society, by which the property was conveyed to this society.

We are of the opinion that enough has been said to show that, consistent with established legal principles, applicable to the question involved, The Licking County Agricultural Society, the plaintiff in this case, does not have any legal interest of any kind in this property or in any of the buildings or improvements thereon. If anything in the way of legal rights can, on any view of the facts of this case, be ascribed to The Licking County Agricultural Society, by reason of its understanding with the Board of County Commissioners of Licking County, that it was to have the privilege of holding a County Fair upon this property every year, and to enter upon and have custody and possession of the property for a limited time each year, the only legal characterization that can be given to such right is that of mere revocable license, and being a license—if it was anything—such right in the Agricultural Society would not prevent the Board of County Commissioners from conveying away the property wholly free from any such claimed right on the part of the Agricultural Society.

Again referring to Amended Senate Bill No. 369, above referred to, there is no condition or requirement, either in the statute or in the deeds in the chain of title to this property, or otherwise, which requires The Ohio State Archaeological and Historical Society to permit The Licking County Agricultural Society to hold County Fairs upon the tract of land here in question.

So that this court holds that the Court of Common Pleas was within its rights and that the court below properly dismissed the petition and dissolved the temporary injunction herein. So that it follows that the same finding and judgment will be

made in this court as was in the court below. Entry accordingly. Exceptions may be noted.

SHERICK, PJ, concurs.
MONTGOMERY, J, not participating.