THE STATE, EX REL. ASH, APPELLANT, v. GHOLSON, APPELLEE.

(No. 934—Decided June 19, 1957.)

*Messrs. Riley & Riley,* for appellant.
*Mr. Hudson Jeffreys,* for appellee.

RADCLIFF, J. On the day set for oral argument of this cause the respondent, appellee here, filed a motion to dismiss the appeal herein for the reason that relator, appellant here, failed to file a bill of exceptions. There is, however, a properly allowed bill of exceptions in the hands of the court and the respondent apparently abandoned her motion during oral argument. Therefore, the motion to dismiss the appeal is overruled.

This appeal on questions of law is from a judgment of the Common Pleas Court of Lawrence County, entered after the

sustaining of respondent's motion for a judgment on the pleadings.

The entry of judgment from which the appeal was taken reads as follows:

"This cause came on to be heard on the respondent's motion for judgment on the pleadings and the petition of the relator and the answer of the respondent and was submitted upon the evidence offered by the parties and the arguments of counsel.

"Upon consideration thereof the court finds said motion well taken and also finds from the evidence that relator is not entitled to a peremptory writ of mandamus herein and it is therefore the order of the court that this action be dismissed at relator's costs. Exceptions are saved to the relator."

The errors assigned by the relator are:

(1) The judgment is against the manifest weight of the evidence.

(2) The judgment is contrary to law.

(3) The judgment should have been for the relator instead of for the respondent.

(4) The court erred in the exclusion of evidence.

(5) The court erred in the introduction of evidence.

(6) The court erred in its findings of fact.

(7) The court erred in its conclusions of law.

(8) The members of the Lawrence County Fair Association had their own election and declared the results of their own election, and this matter was not contested. Therefore, it stands as true.

An examination of the pleadings indicates that a dispute arose among the members of the Lawrence County Agricultural Society. This reached a culmination at the annual election of the board of directors of said society held on December 1, 1956. The relator claimed that certain individuals were elected as directors and those individuals, with the holdover members of the board of directors, met for the purpose of organizing for the ensuing year. Pursuant to that organizational meeting, certain officers were named, including the relator who claims to be the newly and duly elected secretary of the Lawrence County Agricultural Society.

The respondent has another version, namely, that as a re-

sult of the annual election held on December 1, 1956, certain other persons were elected to the board of directors of the society. With one exception these members were entirely different from those which relator claims were elected. The group which respondent contends was elected met with the holdover members and amid some confusion, as both groups met at the same time and place, held an organizational meeting and elected officers for the ensuing year, including the re-election of the respondent as secretary of the Lawrence County Agricultural Society.

The relator brought this action in the Common Pleas Court of Lawrence County, seeking a peremptory writ of mandamus against the respondent requiring her to turn over all books and records of the Lawrence County Agricultural Society to the relator.

The trial court held (see entry, *supra*) that the motion for judgment on the pleadings was well taken, sustained it and dismissed the petition at relator's costs. The trial court went further and after hearing testimony included this phrase in its entry, "and also finds from the evidence that relator is *not* entitled to a peremptory writ of mandamus herein." (Emphasis ours.)

Assigned errors (1), (4), (5), (6), and (8) involve factual and evidentiary matters and, therefore, are not properly before us at this time. The remaining errors assigned, namely, (2), (3), and (7), although each using somewhat different language, are the same and raise the sole question for this court to decide, did the trial court err in sustaining the respondent's motion for judgment on the pleadings?

The trial court determined that this case involves title to office in a private corporation, and that mandamus is not the proper remedy. We believe that conclusion is proper. This lawsuit involves not only the question of title to the office of the secretary of the Lawrence County Agricultural Society but also the title to the offices of members of the board of directors of said society.

It has been determined in this state that agricultural societies organized pursuant to Section 1711.01 *et seq.*, Revised Code, are "private corporations not for profit organized and existing under the authority of the state of Ohio." See 1 Opin-

ions of Attorney General (1922), 40, No. 2827; 1 Opinions of Attorney General (1933), 29, No. 42; *Licking County Agricultural Society* v. *Board of County Commrs.*, 48 Ohio App., 528, 194 N. E., 606; 2 Ohio Jurisprudence (2d), 311, Section 24.

It follows that the cause before us falls squarely within the provision of Section 2733.01, Revised Code, which, so far as is pertinent, reads as follows:

"A civil action in quo warranto may be brought in the name of the state:

"(A) Against a person who usurps, intrudes into, or unlawfully holds or exercises * * * an office in a corporation created by the authority of this state;

"* * *."

Granted that the word, "may," is used in the first line of the above quoted statute, the decisions of the various courts of this state construe the remedy of quo warranto as the exclusive means of trying title to office, especially so far as mandamus and injunction are concerned. The most recent expression of this principle is found in the case of *Veterans of World War I* v. *Levy*, 70 Ohio Law Abs., 49, 118 N. E. (2d), 670, paragraph five of the syllabus of which reads as follows:

"The special remedy at law in quo warranto as provided by statute is the exclusive remedy to challenge the right of one to hold an office in a corporation created by the authority of this state."

See, also, 33 Ohio Jurisprudence, 966, Section 16; and 44 American Jurisprudence, 110, Section 35.

It becomes necessary to make one reference to assigned error (8). An agricultural society is not endowed with sovereignty so as to be the exclusive judge of its own elections. This right inures only to the legislative bodies of the various states and the Congress of the United States.

For the reasons set forth above, we are of the opinion that the trial court properly sustained the motion for judgment on the pleadings and dismissed the petition of the relator.

*Judgment affirmed.*

Collier, P. J., and Gillen, J., concur.