724 F.2d 47
 In re Mary Anne POTTS, aka Mary Anne Turk, Debtor.
The MIDWEST BANK & TRUST COMPANY, Plaintiff-Appellee,
v.
Mary Anne POTTS, et al., Defendants,
Mervin L. Alexander, Dorothy B. Alexander and Velma E.
Alexander, Defendants- Appellants.
 No. 82-3594.
 United States Court of Appeals,
Sixth Circuit.
 Submitted Oct. 11, 1983.
Decided Jan. 6, 1984.
 
 Thomas P. Kemp, Douglas W. Huffman, Firmin & Sprague Co., L.P.A., Findlay, Ohio, Mary Ann Rabin [Potts], Sindell, Sindell, Silker, Rubenstein & Einbund, Cleveland, Ohio, for defendants-appellants.
 William E. Clark, Drake, Phillips, Kunenzli & Clark, Findlay, Ohio, Stephen Chiumenti, William Tousley Smith, Calfee, Halter & Griswold, Cleveland, Ohio, for plaintiff-appellee.
 Before ENGEL and KENNEDY, Circuit Judges, and BROWN, Senior Circuit Judge.
 BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 This appeal primarily raises the question, under Ohio law, as to the admissibility of testimony by the parties to a deed to show that title to the land did not pass upon the handing over of the deed because the parties did not intend for title to pass at that time. The district court held that such testimony was not admissible and that title did pass to the grantee named in the deed. We disagree; we conclude that such testimony may be admissible and therefore we reverse and remand for further proceedings not inconsistent with this opinion. We agree with the district court, however, that jurisdiction and venue were properly laid in that court.
 
 BACKGROUND
 
 2
 In October 1972, Velma Alexander executed and handed over a deed covering a 40-acre farm in Hardin County, Ohio to her adopted daughter, Mary Anne Potts, as donee. The deed was never recorded. Velma Alexander continued to pay the taxes on and receive the rent from the farm. In September 1974, Potts and her then husband, Joseph S. Turk, executed a mortgage covering this and other land to Midwest Bank and Trust Co. (Bank). On May 5, 1976, after Potts and Turk had defaulted on the loan, the Bank obtained a judgment lien in an Ohio state court against them for $181,208.97. On May 26, 1976, Velma Alexander executed and delivered a deed to the farm to Mervin Alexander, her son, and his wife Dorothy. This deed was recorded, and Mervin and Dorothy Alexander thereafter paid the taxes and received the rent.
 
 
 3
 In April 1978, the Bank brought an action in the Common Pleas Court of Hancock County, Ohio against Velma Alexander, Potts and Mervin and Dorothy Alexander, seeking to foreclose the judgment lien and the mortgage, to quiet title, and to set aside the conveyance from Velma to Mervin and Dorothy Alexander. The defendants there took the position that the October 1972 deed from Velma Alexander to Potts did not pass title to Potts because these parties had an understanding, verbally expressed at the time the deed was handed over to Potts by Velma, that the deed was not to be recorded and that title would not pass from Velma to Potts until Velma's death. The defendants also took the position that the Bank was advised by Potts, at the time this farm was included in the mortgage made to the Bank, that while Potts had the unrecorded deed among her papers, she was not yet the owner of the land. The defendants then moved, based upon affidavits and depositions, for summary judgment.
 
 
 4
 The court of common pleas granted the motion in April 1979, holding that the record, including statements of Velma Alexander and Potts, showed that title did not pass from Velma to Potts at the time the deed was handed over because it was not the intention of these parties that title pass at that time. The court also indicated that, since it held that title had not passed to Potts, it was not necessary to determine whether the Bank had knowledge that Potts was not vested with title to the farm. On appeal, in December 1980, the Court of Appeals of Hancock County reversed and remanded for trial, holding that the record did not establish undisputed facts that required entry of summary judgment for defendants. In so ruling, the court stated the issues to be tried as follows:
 
 
 5
 We conclude that such evidence when construed most favorably to Midwest Bank & Trust Co. results in genuine issues of material fact, i.e., was the deed conditionally delivered to Mary Anne Turk, were the other defendants estopped from denying the title of Mary Anne Potts and was the plaintiff [the Bank] a bona fide purchaser without notice of conditional delivery?
 
 
 6
 Meanwhile, in September 1980, Potts filed a voluntary bankruptcy petition under 11 U.S.C. Secs. 701-766 in the Bankruptcy Court for the Northern District of Ohio, Eastern Division. In March 1981, before the court of common pleas acted on the remand instruction, Potts removed the state court action to the bankruptcy court. The bankruptcy court denied the motion of the Alexanders to remand to state court or to change venue to the Western Division of the Northern District of Ohio.
 
 
 7
 At trial in the bankruptcy court, the Alexanders and Potts proffered testimony by Velma Alexander and Potts to the effect that at the time Potts acquired possession of the deed, it was agreed that the deed would not be recorded and that title would not pass to Potts until Velma's death. The court sustained the Bank's objection to this testimony. The court also sustained the Bank's objection to Potts' proffered testimony that she told the Bank at the time the loan was made that she did not have title and that this land should not be included in the mortgage. The basis for sustaining these objections was the parol evidence rule. In its written opinion that followed the trial, the bankruptcy court viewed the proffered testimony of Velma Alexander and Potts with respect to Potts' obtaining possession of the deed as an attempt by parol evidence to vary the terms of the deed and held that, under Ohio law, parol evidence is not admissible for such purpose. The bankruptcy court also held that such testimony of Velma Alexander and Potts was inadmissible because, under principles of estoppel by deed, the "grantor and grantee [are estopped] from denying a deed's operation and effectiveness as a conveyance of title, in accordance with its express written intent, and [the estoppel] bars the admissibility and consideration of parol evidence proffered by the parties to the deed." The court did not, in its written opinion, further deal with the admissibility of Potts' testimony as to her alleged statements to the Bank.
 
 
 8
 The bankruptcy court granted the relief sought by the Bank.
 
 
 9
 The district court, in its opinion, agreed with the analysis and reasoning of the bankruptcy court and therefore affirmed. The Alexanders then brought this appeal.
 
 I.
 
 10
 At the outset we note that Mervin and Dorothy Alexander, the grantees in the recorded deed executed by Velma Alexander, do not contend that they should prevail because the prior deed to Potts was not recorded. They recognize that they cannot claim as bona fide purchasers for value without notice; the conveyance to them by Velma was a gift and, further, there is ample proof in the record that they had knowledge of the prior deed to Potts at the time Velma executed and delivered the deed to them. OHIO REV. CODE ANN. Sec. 5301.25 (Page 1981).
 
 A.
 
 11
 As stated, both the bankruptcy court and the district court held that parol evidence was not admissible to show that the parties did not intend for title to pass at the time Potts obtained possession of the deed. Both courts expressed the belief that to allow such evidence would violate the accepted rule that parol evidence is not admissible to contradict or vary the terms of an integrated document such as a deed.[1] The error in this view is that the evidence was not offered to contradict or to vary the terms of the deed; it was offered to show that "delivery" of the deed was not complete.
 
 
 12
 The law of Ohio with respect to the requirement of delivery is fully expressed in Kniebbe v. Wade, 161 Ohio St. 294, 297, 118 N.E.2d 833, 835 (1954):
 
 
 13
 It is fundamental that, in order for a deed to be operative as a transfer of ownership of land or an interest or any estate therein, there must be a delivery of the instrument. It is the delivery that gives the instrument force and effect. Delivery imports transfer of possession or the right to possession of the instrument with the intent to pass title as a present transfer. It is essential to delivery that there not only be a voluntary delivery, but there must also be an acceptance thereof on the part of the grantee, with the mutual intention of the parties to pass title to the property described in the deed.
 
 
 14
 It is the general rule that there is a presumption of delivery arising from the possession of a deed by the named grantee. In the instant case, the wife had possession of the deeds after the decedent's death and caused them to be recorded. But the mere manual transfer of a deed does not constitute delivery unless it is coupled with an intent of a present, immediate and unconditional conveyance of title.
 
 
 15
 [Citations omitted. Emphasis in original.]
 
 
 16
 In Adams v. Adams, 107 Ohio App. 1, 150 N.E.2d 81 (1958), after stating the rule as to the necessity of delivery to pass title and the rule as to the ingredients of delivery, the court considered testimony of one of the parties to the transaction in determining whether an effective delivery had occurred. See also, In re Allyn's Estate, 177 N.E.2d 639, 640 (Ohio Probate 1960).
 
 
 17
 Finally, in 8 G. THOMPSON, REAL PROPERTY Sec. 4238 (1963) it is stated: "Parol evidence is always competent to show whether a deed has become operative by delivery, though such evidence is not competent to control its construction if it has once taken effect." See also 23 AM.JUR.2D Deeds Sec. 168.
 
 B.
 
 18
 As stated, both the bankruptcy court and the district court were also of the opinion that Velma Alexander and Potts were estopped to contend that there had been no effective delivery. In this connection, the Alexanders recognize (brief at 12, reply brief at 2) that, Potts having been placed in possession of the deed by Velma Alexander, they would be estopped in this litigation to deny an effective delivery and passage of title if the Bank were actually misled to its detriment.[2] Licking County Agr. Soc. v. Board of County Com'rs, 48 Ohio App. 528, 531, 194 N.E. 606, 607 (1934); 42 OHIO JUR.3D Estoppel and Waiver, Secs. 7, 54 (1983). This brings us to the issue of the admissibility of the testimony of Potts to the effect that she advised the Bank at the time the loan was made that she was not to record the deed and that the property was not yet hers. This testimony, also, was excluded by the bankruptcy court on the basis of the parol evidence rule on the theory that it was offered to contradict or vary the terms of the deed. On the contrary, however, this testimony was offered to show that the Bank had knowledge that title had not passed to Potts, that the Bank had not been misled, and that therefore the Bank could not rely on an estoppel by deed.
 
 
 19
 Since Velma Alexander and Potts were estopped, by the placing of this deed in Potts' possession, to deny an effective delivery of the deed only if the Bank was actually misled to its detriment, this testimony by Potts was clearly admissible to show the Bank was not in fact misled.[3]
 
 II.
 
 20
 The Alexanders contend that the removal of the action to bankruptcy court was improper because the application for removal was not timely filed. These defendants rely on Interim Bankruptcy Rule 7004(a)(2) (now Bankruptcy Rule 9027(a)(2) (1983)), which requires that an application by a defendant for removal of a civil action not within the jurisdiction of the bankruptcy court when initiated be made within 30 days after the defendant has formal notice of the filing of the action. Since Mary Anne Potts' application to remove was not made within the 30-day limit, the Alexanders contend that the bankruptcy court should have remanded the case.
 
 
 21
 The Bank, on the other hand, argues that Rule 7004 only has the effect of a local rule the requirements of which can be waived under the discretionary powers granted to bankruptcy courts with regard to such matters by Bankruptcy Rule 906. See Matter of Circle Litho, Inc., 12 B.R. 752 (Bkrtcy.D.Conn.1981); In re Mercer, 14 B.R. 1002 (Bkrtcy.S.D.Ohio 1981).
 
 
 22
 We determine, however, that we need not decide this issue because under 28 U.S.C. Sec. 1478(b) a bankruptcy court's refusal to remand a case to the court from which it was removed is not reviewable.[4] Accordingly, we need not consider the propriety of the bankruptcy court's refusal to remand the case to state court.
 
 
 23
 The Alexanders also maintain, alternatively, that if the court rules against the remand it should determine that the bankruptcy court erred in not transferring the action to the Western Division of the Northern District, within whose geographical limits is located the state court in which the action was brought. Defendants rely on Interim Bankruptcy Rule 7004(a)(1), which directs that removed state or federal cases should be brought in "the bankruptcy court for the district and division within which such action is pending." Despite this directive, we determine that the bankruptcy court had the power to waive this requirement and retain the action in the Eastern Division. Under 28 U.S.C. Sec. 1477(a), a "bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding." As noted by the district court, both the Bank, the creditor, and Potts, the debtor, are located in the Eastern Division. We determine, therefore, that the bankruptcy court acted properly in refusing the requested change of venue to the bankruptcy court in the Western Division.
 
 
 24
 Accordingly, the district court's judgment is vacated and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 Vale v. Stephens, 25 Ohio App. 523, 159 N.E. 114 (1927), upon which both courts relied, holds that parol evidence is not admissible to contradict or vary the terms of a deed
 
 
 [2]
 Also, as stated in Kniebbe, there is a presumption of delivery arising from the possession of the deed by the grantee
 
 
 [3]
 It should be noted that the Ohio court of appeals in this very case implicitly held that the parol evidence rule did not require excluding the testimony offered to show delivery was not complete. It also implicitly held that such testimony was not excludable under the doctrine of estoppel by deed unless the Bank had actually been misled. The record does not show why the bankruptcy court and the district court did not give effect to or even take notice of these rulings on Ohio law by an Ohio appellate court
 
 
 [4]
 This subsection provides, in pertinent part, "[a]n order under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise."