VALE, et v. STEPHENS, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7589. Decided June 27, 1927.

79. ANCESTRAL PROPERTY — Conveyance and re-conveyance for purpose of correcting record title, does not destroy ancestral character of property.

Appeal from Common Pleas.

Decree for plaintiff.

**First Publication of this Opinion**

SULLIVAN, PJ.

Mary Jane Vail, alias Vale, died testate on March 5, 1913, and left, as her next of kin, Robert Vale, her husband, her two sons, John Vale and William Vale and her daughter, Mary Ann Stephens. In her will she bequeathed a one-half interest in her home located in the city of Cleveland, to her daughter Mary Ann Vail. The remainder she devised to her husband and other heirs. On June 24, 1914, Mary Ann Vale purchased the interest of her father and the other heirs and took the title in the name of Mary Ann Vale. On July 2, 1914, Mary Ann Vale, otherwise known as Mary Ann Vail, and Mary Ann Vail Stephens, deeded the premises so acquired to Wm. T. Clark by quit claim deed, and named as a consideration therefor the sum of $10.00. The deed was recorded July 6, 1914, and a reconveyance by Wm. T. Clark to Mary Vale, alias Vail, Stephens was made on July 2, 1914, and recorded July 6, 1914. In this deed from Vale to Clark, there appeared the following clause:

"The sole purpose of this deed is to correct the record title to said premises, inasmuch as the deeds by which this grantor obtained title ran to her in her maiden name of Mary Vale, alias Mary Vail, whereas, in fact, she was a married woman. This conveyance to Wm. T. Clark and his reconveyance are made for the purpose of putting on record the fact that Mary Vale, alias Mary Vail, is one and the same person as Mary Vale (alias Vail) Stephens."

On October 7, 1918, Mary Ann Vail Stephens died intestate, leaving her husband Joseph Stephens, and no children, and possessed of the premises hereinbefore described. Joseph Stephens married, and died May 7, 1925, testate, and, in his will, attempted to dispose of the property. Out of these circumstances arises the question as to who is the owner of the one-half interest acquired by will from the mother; the brothers, or the relict and the devisees and heirs of Joseph Stephens, the husband.

The cause is here on appeal from the Court of Common Pleas and the question involved is whether the plaintiff is entitled to partition of the property described in the petition and this question can only be answered by determining whether, under the statutes of descent and distribution and the record in the case, the land in question was acquired by descent or purchase. Specifically speaking, from the testimony in the case, as to whether the language in the deed from Mary A. Vale to William T. Clark destroys the ancestral character of the property.

It is a well settled ruling of law with respect to the conveyance of real property that substance is superior to form, and the intention of the parties, which is the foundation of all contracts, is determinative and decisive of the question.

Coming to an analysis of the clause in question, it is clear and conclusive that the mutual intention of the parties was that the document called a conveyance was simply an instrumentality or medium by which the proper name of the owner of the property might become a matter of record. It must be borne in mind that there is no question as to identity and therefore a simple affidavit in an abstract of title is all that would be required to remove the cloud and to complete the chain of title.

This made the transaction absolutely unnecessary, and emphasizes that construction which we are constrained to give to the language in question, that the mutual intention of the parties was that the ownership of the land should not in any manner, directly or indirectly, pass from Mary A. Vale to William T. Clark, notwithstanding the form of the transaction is equivalent to a conveyance. A conveyance, under all the definitions and authorities, is the medium by which property is transmitted or passed on to some one other than the owner, and in no fundamental sense is there a transfer or transmission of ownership without the mutual intention to transfer the property with the intent and purpose of a change in ownership. The language in the deed indicates that the only purpose was to correct the record title.

Again, from the record, it appears that the deed from Vale to Clark and from Clark by way of re-conveyance was practically and substantially one transaction, and in this respect makes inapplicable as an authority in this cause the case of Kihlken v. Kihlken, 59 OS. 106, in which case the conveyance was made for the purpose of delaying, hindering and defrauding creditors, and for this reason alone a court of equity would not decree a reconveyance. It will be noted that in the Kihlken case, supra, there was a conveyance in a legal sense but in the instant case, in our judgment, there was no conveyance. Bearing out our views, we think the following authorities are applicable: Ernest v. Kellar, 20 Ohio App. 171: Huseman v. Fingermeyer, 106 OS. 113; Freeman v. Allen, 17 OS. 527; Carter v. Day, 59 OS. 966.

The authorities cited in the supplemental brief of defendants, namely Patterson v. Lamson, 45 OS. 77; Stembel v. Martin, 50 OS. 495, in our judgment do not apply. We think the transaction in the instant case was such a conveyance in law, as did not transmit any property right, and in the cases just cited, the conveyances, as matters of law, are not minus those elements, that constitute transmission or transfer of property.

Decree for plaintiff.

Attorneys—George C. Hanson for Vale, et; Krueger & Pelton for Stpehens, et; all of Cleveland.