LIPPS, Plaintiff-Appellee, v. LIPPS et, Defendants-Appellants.

Ohio Appeals, First District, Hamilton County.

No. 7338. Decided February 27, 1951.

Franks & Franks, Scanlon & Scanlon, Cincinnati, for plaintiff-appellee.

J. W. Brown, Albert J. Lerner, Cincinnati, for defendants-appellants.

## OPINION

By THE COURT:

This is an appeal from an order directing J. W. Brown, Albert J. Lerner, and Frank A. Lipps to account for rents and profits.

The plaintiff filed this action on November 11th, 1947, praying for partition of certain real estate, cancellation of a certain mortgage "and all other proper relief." J. W. Brown and Albert J. Lerner were not made parties to the action at that time. On August 24th, 1949, an order for partition was issued in accordance with a decree and amended decree theretofore entered. The property not being susceptible of parti-

tion in kind, an order of sale was issued on October 6th, 1949, and on November 17th, it was returned. On November 22nd, 1949, a motion to confirm and for order for deed and distribution was filed.

Thereafter, on November 25th, 1949, J. W. Brown and Albert J. Lerner filed a motion to be made parties to the action, on the ground that Frank A. Lipps had, on July 11th, 1949, transferred to them all his right, title, and interest in and to any and all claims that he had or might have in this litigation, or to any funds or monies that might be found due him. On the same day, the court entered an order making them parties to receive "Upon a final determination of this cause, all funds found due to Frank A. Lipps."

On December 30th, 1949, the Court entered a decree of confirmation and distribution of the proceeds of sale, one of the items of which was a direction to pay to J. W. Brown and Albert J. Lerner the sum of $1862.74. In this decree it was ordered that "Accounting for rents and profits is left for the further order of this Court."

On May 7th, 1950, plaintiff filed a motion for an accounting of rents and profits, which was granted on July 21st, 1950. J. W. Brown, Albert J. Lerner and Frank A. Lipps were ordered to account for the rents and profits from the premises from November 2nd, 1944 to December 31st, 1949. It is from that order that this appeal was taken.

We have no difficulty in concluding that an accounting of rents and profits among the co-parceners is within the jurisdiction invoked by the filing of this petition, and that jurisdiction was continued by the reservation made in the decree of confirmation and distribution.

The duty to account for rents and profits is a duty owing by a co-parcener in possession to those out of possession. Sec. 12046 GC. It is clear that the order of directing Frank A. Lipps to account was correct and it is affirmed.

A different question is presented by the appeal of J. W. Brown and Albert J. Lerner. Neither was at any time a co-parcener of the plaintiff. They did not become parties to this action until November 25th, 1949, and their only interest was as assignee of the rights of Frank A. Lipps. They did not agree to assume the burden of his duty to account for rents for more than the five year period as directed by the order appealed from. And as the assignee of Lipps' right they did not become charged with his duty as a matter of law any more than the grantee of mortgaged real estate is charged with the duty of paying the mortgage debt in the absence of an express agreement of assumption.

For these reasons, the order directing J. W. Brown and Albert J. Lerner to account for rents and profits is hereby reversed.

HILDEBRANT, PJ, MATTHEWS & ROSS, JJ, concur.