**ELLIOTT, Plaintiff, v. JERMAN et, Defendants.**

Common Pleas Court, Franklin County.

No. 183770. Decided March 23, 1953.

68

Phillip V. Stout, Columbus, for plaintiffs.

Collis Gundy Lane, Joseph B. DeVennish, Columbus, for defendants.

### OPINION

By BARTLETT, J.

MOTION OF PLAINTIFF TO AMEND CASE NUMBER OF AN ENTRY OF CONFIRMATION AND DISTRIBUTION FILED MARCH 27, 1952, IN CASE NO. 179,721 TO CASE NO. 183,770, BEING THE INSTANT CASE—OVERRULED.

THE MOTION OF PLAINTIFF TO STRIKE FROM THE FILES THE PETITION OF EVELYN JERMAN AND OLIVE JERMAN TO VACATE JUDGMENT, AND THE TENDERED ANSWER AND CROSS-PETITION OF OLIVE JERMAN, IS OVERRULED.

THE PETITION TO VACATE THE JUDGMENT IS HEREBY SUSTAINED AND SAID ANSWER AND CROSS-PETITION TENDERED ARE ORDERED FILED.

THE MOTION OF OLIVE JERMAN THAT SHE AND LOLA E. JERMAN BE MADE PARTIES DEFENDANT IS SUSTAINED AND THEY ARE HEREBY GRANTED LEAVE TO PLEAD WITHIN THE RULE DAY.

The petition of plaintiff sets up that the plaintiff, Nettie E. Elliott, had an undivided one-third interest in the real estate described, the defendants, Evelyn Jerman a one-third, Beatrice Weishaup a one-third, and Harold Jerman a one-third interest. The defendants, being in default for answer, a decree of the court was entered finding the interests of the parties to be those set up in the petition. The Writ of Partition issued to the Sheriff, the commissioners appointed by the Court, being of the opinion said premises could not be divided without manifest injury, appraised said real estate at $9000.00. Thereafter, none of the parties having elected to take said premises at the appraised value, the Court confirmed the report of the commissioners and ordered the Sheriff to sell said premises at public sale at not less than two-thirds of the appraised value for cash on the day of the sale. Proof of publication of the notices of sale was filed, showing date of sale was to be March 15, 1952.

On December 30, 1952, a petition was filed by the defendants Evelyn Jerman and Olive Jerman, duly verified by them, to set aside the Court's decree of January 4, 1952, fixing the interests of the parties in accordance with plaintiff's petition, and to set aside the Writ of Partition issued to the Sheriff, in accordance with said decree. The petition of said defendants, Evelyn Jerman and Olive Jerman, set forth that said premises had been sold by the Sheriff at public sale to said Evelyn Jerman; that no report had been made of said sale and no confirmation of said sale had been made; that it had been determined in Case No. 170,725, on the dockets of this court, that under the will of Thomas Jerman, deceased, the real estate in question passed to Ruth Harrison for life with the remainder vested in Nettie Elliott, Richard Jerman, William Jerman and Charles Jerman, each an undivided one-fourth interest in fee simple, subject to being divested upon the death of Ruth Harrison leaving children; that said Ruth Harrison died leaving no children; that Charles Jerman died intestate May 22, 1941, leaving his one-fourth interest in said premises to his surviving spouse, Olive Jerman and his only heir, Evelyn Jerman his daughter, each a one-eighth interest therein; that Richard Jerman died testate, May 17, 1949, leaving his one-fourth interest in said premises, by his will, to his surviving spouse, Lola E. Jerman; and that the plaintiff, Nettie Elliott, was seized of an undivided one-fourth interest in said premises.

On December 30, 1952, Olive Jerman filed a motion that she and Lola E. Jerman be made parties defendant in the instant case, and on said date said Olive Jerman tendered her answer and cross-petition, duly verified, setting upon substantially the same facts contained in the aforesaid petition to vacate the judgment heretofore set forth herein.

The plaintiff does not contravert any of the sworn facts set forth in the aforesaid petition to vacate the judgment heretofore rendered herein.

It seems to be admitted by all the parties concerned that the purchase price has not been paid to the Sheriff and that the Sheriff has not delivered a deed to the purchaser for said premises.

On February 7, 1953, the plaintiff filed a motion to strike from the files of this case the aforesaid petition to vacate the judgment heretofore rendered herein, the tendered answer, cross-petition and motion of Olive Jerman to be made a party herein. Also on February 7, 1953, the plaintiff filed a motion to amend the entry of confirmation and distribution, filed March 27, 1952, in case No. 179,721, to show that said entry was filed in Case No. 183,770, being the instant case.

In other words, plaintiff seeks to be relieved of her mistake in filing the Entry of Confirmation and Distribution in the wrong case on the dockets of this Court, while at the same time retaining the benefits of the previous judgment entered in the instant case based upon a mistaken set of facts set up in plaintiff's petition.

The judgment finds plaintiff seized of an undivided one-third interest in the premises; but the uncontroverted facts set forth in the petition to vacate the judgment, show plaintiff has an undivided one-fourth interest instead.

It is now well settled in Ohio that a partition proceeding is equitable in nature, even under the statutes. **Wagner v. Armstrong, 93 Oh St 443.**

"It may be regarded as a universal rule governing courts of equity in the administration of its remedies that, whatever may be the nature of the relief sought by the plaintiff, the equitable rights of the defendant growing out of or intimately connected with the subject of the controversy in question will be protected; and for this purpose the plaintiff will be required as a condition to his obtaining the relief which he asks, to acknowledge, admit, provide for, secure, or allow whatever equitable rights (if any) the defendant may have, and to that end the court will, by its affirmative decree, award to the defendant whatever reliefs may be necessary in order to protect and enforce those rights."

J. Day in **McEntire v. McEntire, 107 Oh St 510, 524,** quoting from Pomeroy's Equity Jurisprudence, 4th Ed. Section 388.

"The maxim which declares this important and far reaching policy, 'he who seeks equity must do equity,' * * * expresses a cardinal principle, and is one of the oldest in equity jurisprudence. It is of most extensive application, being applicable to all classes of cases whenever necessary to promote justice."

**McEntire v. McEntire, supra, 524; 16 O. Jur. p. 128.**

"A party appealing to a court of equity must make a case which can commend itself to the conscience of the Court."

**Kellog v. Ely, 15 Oh St 64, 66.**

"A more legal right in the plaintiff will not move the chancellor."

**Parsons v. Ohio Pail Co., 6 C. C. (n. s.) 116, 120,** affirmed **74 Oh St 464,** without opinion.

The judgment declares that the defendant, Evelyn Jerman, has an undivided one-third interest in the premises while the uncontroverted facts disclose that she has an undivided three-eights interest therein. It would be harsh treatment to cheat this defendant out of part of her just rights, while relieving the plaintiff of her mistakes.

"A court of equity sits as a court of conscience and will never grant 'relief' when it is unconscionable to do so, even though the plaintiff may show a legal right thereto."

Parsons v. Ohio Pail Co., supra.

The defendant, Evelyn Jerman, was also the purchaser, and certainly, under the present state of the record, the Sheriff's deed would not convey a marketable title.

"The doctrine of caveat emptor applies to judicial sales of property in partition proceedings,"

**30 O. Jur., Section 105, p. 926.**

"this does not mean that, before confirmation, a purchaser may not be relieved from taking real estate purchased by him at such sale, if there be a question of the marketability of the title."

**30 O. Jur., Section 106, p. 926;** Osterfield v. Grimminger, 12 N. P. (N. S.) 332; **Mechanics S., B. & L. Ass'n v. O'Connor, 29 Oh St 651; The Gale Realty Co. v. Cook, 32 Oh Ap 22.**

Furthermore, the judgment recognizes an undivided one-eighth interest in each of the defendants, Beatrice Weishaup and Harold Jerman, while the undisputed facts indicate they have no interest in the premises, and to their credit, neither of them has asserted any claim thereto. Surely, a Court of Equity has the duty of protecting the proceeds of the sale from being dissipated by paying any part thereof to persons not entitled thereto.

The undisputed facts show that Olive Jerman has an undivided one-eighth interest and Lolo E. Jerman an undivided one-fourth interest in the premises, yet neither of them were made parties to the suit and each of them is ignored in the judgment. It is not enough to distribute to them their pro rata share of the proceeds of the alleged sale already made.

"The right to elect (to take at appraised value when property cannot be divided) does not abide alone in one cotenant, but any one or more of the cotenants has the same right. They stand as equals in relation to that right, * * *."
**30 O. Jur., Sec. 82, p. 908.**

All persons interested in a partition must be made parties.
**Stout v. Stout, 82 Oh St 358.**

"Equity delights in equality."—**Durbin v. Barber, 14 Ohio 311, 315; Hartwell v. Smith, 15 Oh St 200.**

Olive Jerman and Lola E. Jerman, due to the fault of the plaintiff, have been denied the equal opportunity and right with other cotenants, to elect to take said premises at its appraised value, due to the failure of the plaintiff to make them parties to said partition suit.

"The disposition to avoid curcuity of action and multiplicity of suits induces a court of equity which has once assumed jurisdiction of a cause on any equitable ground to take cognizance of and determine all phases of the subject matter in controversy, and to retain jurisdiction until these are completely disposed of, though this may involve the determination of legal issues and the granting of legal remedies. On this principle, often expressed in the maxim 'equity delights to do justice, and not by halves,' the ultimate equitable relief indicated by the facts pleaded and found will be awarded, though primary relief of another character may be the principal object of the suit."
**16 O. Jur., Sec. 34, p. 88; 30 O. Jur., Partition, Sec. 56, p. 887. Stout v. Stout, 82 Oh St 358; Southward v. Jamison, 66 Oh St 290.**

It is, therefore, the order of the Court that the decree filed January 4, 1952, fixing the interest of the parties; the writ of Partition and all action thereunder; the decree of the Court filed February 7, 1952, confirming the report of the commissioners and ordering the sale of said real estate; and the alleged sale of said real estate-share, each and all, be set aside and held for naught.

It is the further order of the Court, that Olive Jerman and Lola E. Jerman be made parties defendant herein, that summons issue and be served upon said Lola E. Jerman with leave to answer herein, that the tendered answer and cross-

petition of Olive Jerman be deemed filed herein, that the petition by defendant, Evelyn Jerman and Olive Jerman, dated December 30, 1952, be deemed filed.

It is further ordered by the Court that the motion of plaintiff, filed February 7, 1953, to strike certain papers from the files, be overruled; and the Court further orders that the motion of plaintiff, filed February 7, 1953, to amend the entry of confirmation and distribution filed March 27, 1952, in case No. 179,721, to show that said entry was filed in case No. 183770, being the instant case, be and the same is hereby overruled.

Entry to be drawn accordingly.

Plaintiff may have her exceptions.