BURKS, APPELLEE, *v.* LOUISVILLE TITLE INS. CO.,
APPELLANT.

(No. 4383—Decided October 7, 1953.)

*Messrs. Hinton & Konstand,* for appellee.
*Mr. W. S. Hewgley, Mr. W. P. Newton,* and *Mr. Wm.
J. Whelton,* for appellant.

STEVENS, J. Plaintiff (appellee) purchased a tract of land from Rose and Joseph Pilcharsky and received a warranty deed therefor, which deed was dated May 3, 1951, and filed for record May 14, 1951.

On May 4, 1951, beginning at 7:59 a. m., the title guaranty in the amount of $2,000, purchased by plaintiff from defendant, guaranteed that title to said premises was good in Rose Pilcharsky, as ascertained from the public records of Summit county.

Plaintiff purchased said premises for the purpose of building a home thereon, and, relying upon said title guaranty, proceeded to erect said home.

When the structure was partially constructed, a claim was made by the land owner on the north, one Masters, that plaintiff did not own the northerly portion of the premises included in the description contained in plaintiff's deed.

Thereupon, a surveyor was employed by plaintiff, whose survey indicated that a triangular piece, of approximately 40 feet front on the Mogadore road, was not within the premises described and purchased by plaintiff. Defendant was notified of the failure of title, and refused to do anything about it; whereupon this action on the title guaranty was brought, seeking recovery of the $2,000, the amount provided in the title instrument.

Trial to a jury resulted in a verdict and judgment for plaintiff in the full amount sought. This appeal on questions of law followed.

While six assignments of error are presented, only three are argued.

1. The trial court was without jurisdiction, because, the question of the location of the disputed boundary not having been judicially determined, no loss has been established, and thus the instant action is prematurely brought.

2. The court erred in excluding evidence on the sub-

ject of limitation of the description contained in plaintiff's deed by the insertion in the guaranty of a reference to a deed which showed the land purchased by plaintiff to be less than that described in plaintiff's deed.

3. Error in the admission of evidence as to consequential damages.

It is conceded that the instrument furnished by defendant to plaintiff, for a valuable consideration, was a title guaranty, which in turn is conceded to be a contract of indemnity.

The contract between the plaintiff and defendant provides that defendant "hereby guarantees Louie A. Burks in an amount not to exceed two thousand dollars ($2,000), that the title to the premises hereinafter described, at the date hereof, as appears from said record, is good in Rose Pilcharsky and free from all liens, encumbrances and defects, except as shown below. * * * The liability of the company shall not in any event exceed in all the amount stated on the first page hereof and shall be limited to the actual loss of the party guaranteed * * *."

The contract of defendant in terms guaranteed that, from the time the contract became effective, the title to the premises described in plaintiff's deed, as shown by the records of Summit county, Ohio, from 1900 to the date of the contract, was good in Rose Pilcharsky, and free from all liens, encumbrances and defects.

Plaintiff was required to give notice in writing to defendant within sixty days of any adverse claim of title, encumbrance, or defect, which it is conceded was done, and defendant did nothing to relieve against the defect.

There is no provision in the contract requiring plaintiff to institute an action to clear up adverse claims of title, or encumbrances or defects in title, before proceeding against defendant on its contract.

In fact, it appears to us that such procedure would be contrary to the whole concept of title guaranty contracts. As we understand that concept, it is this: that when one obtains a deed for specific real property, and for a valuable consideration procures a title guaranty that there are no encumbrances on said property, nor adverse claims to or defects in the title to said property, as shown by the records of the county where the property is located, and thereafter a defect adversely affecting the owner's title becomes apparent, which fact is made known to the title insurance company, it is then incumbent upon the company, within the limits of its guaranty, to take the necessary steps to relieve against such defect. Failing so to do, the owner may proceed as for breach of his contract, without first himself attempting to relieve against the effects of the defect.

This is so, because the guaranty contract is between the owner and the title company, and the liability of the company, within the limits of the guaranty, is to the owner. The existence of the claimed defect or encumbrance is a fact to be proved, which, when established, furnishes the predicate for the recovery of damages for breach of contract.

The defendant's first assignment of error is not well taken.

The second assignment of error has to do with the exclusion of evidence directed to showing that the following, added to the description contained in plaintiff's deed, limited the description contained in that deed.

"Being that part of the premises formerly situated in Tallmadge Township, Summit County, Ohio, as described in deed recorded in Book 2631, pages 48-49, of Summit County Records, be the same more or less, but subject to all legal highways."

The description contained in plaintiff's deed was a

metes-and-bounds description fully describing the premises conveyed, and concluding with the words "and contains 3.30 acres of land, as surveyed by W. S. Matthews in April, 1951."

The deed to which reference is made as being recorded in volume 2631, page 48, of Summit county records, is for a tract situated in both Tallmadge township and Springfield township, and containing 31.43 acres, excepting therefrom a parcel in Tallmadge township containing 1.03 acres.

That description could not conceivably be anything other than a reference showing the source of grantor's title. It does not attempt to describe or refer to the tract purchased by plaintiff, except to indicate that plaintiff's tract was probably included therein.

The rule is stated in 16 American Jurisprudence, Deeds, Section 276, as follows:

"* * * where the description is full and complete in itself and a reference to another deed is added, the quantity of land conveyed is not restricted by the reference."

It has also been held that—

"2. A specific grant is neither enlarged nor limited by a mere recital of the purpose of the grantor to convey the same premises conveyed by a deed in which the premises conveyed are otherwise described." *Pierce et al., Trustees,* v. *Adams,* 137 Me., 281, 18 A. (2d), 792, 134 A. L. R., 1033, second A. L. R. headnote.

We hold the defendant's second assignment to be without merit.

The third assignment of error urges that, assuming defendant was liable because of the defect in title, the recovery should be limited to the value of the parcel as to which the title failed, and should not include other damages proximately resulting from such failure of title.

The rule pertaining to damages has been recently

restated by the Supreme Court of Ohio in *Midvale Coal Co.* v. *Cardox Corp.,* 152 Ohio St., 437, at p. 447, 89 N. E. (2d), 673, as follows:

"What are the damages which a party should recover upon the breach of a contract? This question has never been better answered than in the famous case of *Hadley* v. *Baxendale* (1854), 9 Exch., 341. Most of the accurate definitions which subsequent judges have announced are simply paraphrases of the words of Baron Alderson.

"In the *Hadley case* he said:

"'* * * where two parties have made a contract which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fully and reasonably be considered either arising naturally, that is, according to the usual course of things, from such breach of contract itself, or were such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it.'"

Here the parties to the contract under consideration knew that plaintiff bought the land in question for the purpose of building a home thereon. The breach of that contract, resulting from the defect of title, not only deprived plaintiff of part of the land he had bought, but required him to change the location of his driveway, to do additional grading, and to delay his construction, which, with other consequential damages suffered by plaintiff, exceeded the amount of defendant's guaranty.

It is our conclusion that the parties contracted with all of those damages in contemplation, and that such damages arose naturally, from defendant's breach of contract.

We find no reversible error disclosed by this record

in any of the respects concerning which defendant complains.

The verdict and judgment were, in our opinion, the only ones which could properly have been returned and entered.

The judgment is affirmed.

*Judgment affirmed.*

DOYLE, P. J., and HUNSICKER, J., concur.