EDWARDS, APPELLEE, *v.* EDWARDS, APPELLANT.

(No. 193—Decided September 30, 1958.)

*Mr. Thomas H. Monger,* for appellee.
*Messrs. Eubanks & Slavens,* for appellant.

RADCLIFF, J. This appeal results from a partition suit filed in the Common Pleas Court of Jackson County by Daniel E. Edwards, plaintiff, appellee herein, against Elizabeth R. Edwards, defendant, appellant herein. The suit was filed in January of 1954, and in March of 1954 the defendant filed her answer admitting the ownership of the property as set forth in the petition, requesting the statutory accounting provided for in Section 5307.21 of the Revised Code, and joining in the prayer for partition. The partition suit proceeded in an orderly manner to a satisfactory conclusion for both parties. However, the accounting requested by the defendant and the results of the proceeding thereunder created the situation from which the defendant appealed. A referee was appointed to hear testimony as to the question of accounting, this hearing was had and the conclusion and the distribution directed by the referee were adopted by the court by entry as its own order. From this action the defendant appealed, and the nine assignments of error are as follows:

1. The court erred on September 11, 1956, in overruling the motion of the defendant-appellant to require the plaintiff-

appellee to make his reply definite and certain, and by reason of which the defendant-appellant was prevented from having a fair trial.

2. The court erred on September 11, 1956, in overruling the motion of the defendant-appellant to vacate the order appointing Lowell B. Howard as referee to take an accounting between the parties hereto, and by reason of which the defendant-appellant was prevented from having a fair trial.

3. For irregularity in the proceedings of the referee wherein the referee determined that the period to be covered by the ordered accounting was from May 16, 1900, to the date of hearing, and by reason of which the defendant was prevented from having a fair trial.

4. For irregularity in the proceedings of the referee wherein the referee computed the costs of improvements made by the plaintiff-appellee as the amount of reimbursement that must be paid to him and did not determine the amount of reimbursement to be paid to the plaintiff-appellee to be governed by the costs of said improvements less the depreciation thereof, and by reason of which the defendant-appellant was prevented from having a fair trial.

5. The court erred in adopting the report of the referee, the said report having contained therein errors of law and not being sustained by sufficient evidence.

6. The court erred in the amount ordered to be paid to the plaintiff-appellee for taxes, insurance, improvements and maintenance, the amounts ordered to be paid being too large, as appears from the record.

7. The finding and judgment of the court is not sustained by sufficient evidence.

8. The finding and judgment of the court is contrary to law.

9. For other errors manifest from the face of the record.

Before we proceed to dispose of the assignments of error it is necessary to give a slight resume of the history of the title of the real estate involved. The reasons for this will become apparent later. Jenkins Edwards died intestate on May 16, 1900, leaving a surviving spouse and four children. The surviving spouse died intestate in 1911 and two of the children died intestate and without issue prior to 1929. In 1929 an affidavit for

transfer of real estate was filed in the recorder's office of Jackson County transferring the land to be partitioned herein to Daniel E. Edwards and Hayden Edwards, sole survivors of Jenkins Edwards, each an undivided one-half. Hayden Edwards transferred by deed dated June 1, 1932, his undivided one-half interest in the farm to Elizabeth Richards. Elizabeth Richards is now Elizabeth R. Edwards, having married Hayden Edwards subsequent to June 1, 1932, and she is the defendant in the partition suit and the person requesting the accounting.

We now turn to the assignments of error. The ruling of the court attacked by assignment No. 1 was erroneous but was not prejudicial. The plaintiff was cross-examined thoroughly by counsel for the defendant, and the record discloses that there was no income on the farm prior to that shown on exhibit "A" attached to the reply of the plaintiff. This testimony was in no way refuted. The plaintiff also admitted upon cross-examination that he had sold the limestone which the defendant claimed had been sold from the farm and agreed as to the amount of money received for the sale of limestone; thereby the defendant did reach the same conclusion had the motion to make definite and certain been sustained. This assignment of error is not well taken.

The second assignment of error raises the question that counsel for both plaintiff and defendant had agreed to waive the question of accounting. There is no evidence in the record to the effect that such an agreement was made. True, in the brief of the defendant, appellant herein, a gratuitous statement was made, but it is not binding upon the trial court or upon this court. It would have been a simple matter to call the attorney involved as a witness in any stage of the proceeding after his withdrawal from the case, and thus established the existence of the agreement as well as the authority or lack of authority which the attorney had. We feel that this ground of error is not well taken.

Assignment No. 3 will be passed over at this time and disposed of as the final portion of this opinion.

Assignment No. 4 raises the question of the value placed upon improvements. By analogy we are going to apply the "two-issue rule" in resolving this problem. We all realize the

"two-issue rule" applies to the verdict of a jury, but it is comparable to the situation here before us. It is apparent that the referee in arriving at the value of the improvements used the cost figures which were introduced in the hearing before him, but he also discusses the enhancement of the farm and the present value of those improvements. It may well have been that the present value of the improvements, after depreciation, was the same value as the original cost thereof, in the mind of the referee. By a careful reading of his report we are unable to distinguish as to how the value was reached; therefore, it is not a tortured construction to apply the so-called "two-issue rule" and to say this urged assignment of error is not well made.

Assignments Nos. 5, 6, 7 and 8 are all directed to the same question raised in assignment No. 3, so we, therefore, at this point, say that those assignments are not well taken.

Assignment No. 9 is the catch-all assignment, but the errors manifest from the face of the record were not pointed out in particular, either in argument or brief, and, therefore, it must be deemed to have been abandoned by the defendant and, perforce, must be ignored by this court.

This brings us to assignment No. 3 which raises the question of what period of time the accounting requested by the defendant should cover. The referee, in his report, which was adopted by the trial court, covered the period from 1900 to the day of the hearing in September 1956. It must be pointed out that Elizabeth R. Edwards, the party requesting the accounting, had no interest in the farm involved in this case until June 1, 1932. The question seems so elemental and the answer so fundamental that you would think you would find adequate case law in point. However, that is not the case, and the reason probably is that the question is so elemental and the answer so fundamental. The right to an accounting between cotenants, coparceners and tenants in common or any joint estate in real property is statutory in Ohio. The statutory enactments that control both partition and the ancillary remedy of accounting are re-enactments of the common law. The accounting contemplated in the partition suit is not to be confused with the action at law for accounting, and, of course, is not subject to the same statute of limitation as the action in law. (Four or ten years

depending upon the facts.) There is no statute of limitation as between cotenants. The right to partition depends solely upon the existence of the privity of estate; certainly, the primary right being dependent upon the existence of a cotenancy, the secondary remedy of accounting can rise no higher than the action upon which it relies for its existence. There is but one conclusion to reach and that is that there could be no partition had by Elizabeth R. Edwards prior to June 1, 1932; therefore, the only accounting that can properly be had is limited to the period from June 1, 1932, to September 10, 1956, which was the date of the hearing before the referee. To consider any other period of time was prejudicial error. To support the position which we take in this case, the following authorities are cited: 2 Ohio Jurisprudence (2d), 728, Section 124; 30 Ohio Jurisprudence, 939 *et seq.,* Section 123 *et seq.*; 14 Ohio Jurisprudence (2d), 89 to 102, Section 2 *et seq.*; 25 Ohio Jurisprudence, 450, Section 24; Restatement of the Law of Restitution, 512, Seavey and Scott's Notes thereon, 177; Ohio Annotations, Restatement of the Law of Restitution, 109; *Clark* v. *Lindsey,* 47 Ohio St., 437, 25 N. E., 422, 9 L. R. A., 740; II Casner, American Law of Property, 56, Section 6.14; 4 Pomeroy's Equity Jurisprudence (5th Ed.), 1080.

In the instant case we do not have the problem of one cotenant in possession and the other cotenant out of the possession, so the question of the use and occupancy of the buildings does not arise. The plaintiff in this case managed and operated the farm from the time of his father's death in 1900 up to the commencement of the partition suit. He did not occupy the premises and in fact lived in Columbus, as did the defendant.

The referee found that, from the time the defendant acquired a partitionable interest in the real estate involved in this case, namely, June 1, 1932, the rents, issues and profits amounted to $3,357.75. The referee further found that from May 16, 1900, to the date of the hearing the plaintiff had expended for the payment of taxes, insurance, additions and improvements, maintenance and repairs the sum of $7,267.93 and that he was entitled to set this off against the income. The referee ordered that out of the fund resulting from the public sale of the farm, both parties have elected to take, the plaintiff should be

paid $4,414.06, of course, after costs and expenses, then the balance be divided equally between the parties. The trial court adopted the report of the referee as the order of the court without any change. The referee had, and the trial court by adopting his report, committed prejudicial error. We feel however that it is error that can be corrected by remittitur, and we include these figures to indicate how we arrive at the amount we suggest. Income from agriculture or cash rent $2,350, net income from sale of limestone, $1,007.75, total of rents, issues and profits, $3,357.75. The plaintiff is entitled to set off against this the following amounts which he paid subsequent to June 1, 1932, taxes, $912.54; insurance, $475.47; additions and improvements, $2,103.41; maintenance and repairs, $1,856.05; total amount permitted to be set off, $5,347.47. This indicates that the plaintiff should receive only $1,989.72 before the balance of the fund is distributed equally. If the plaintiff will accept a remittitur in the amount indicated by the above figures the conclusion of the trial court will not be disturbed by us; otherwise, the referee and trial court having committed prejudicial error, we have no alternative but to reverse and remand the cause for further proceedings consistent with this opinion.

*Judgment accordingly.*

Collier, P. J., and Gillen, J., concur.