RANKEY, APPELLEE, *v.* WISELEY, APPELLANT, ET AL.

(No. 5-82-23—Decided May 2, 1983.)

*Messrs. Drake, Phillips, Kuenzli & Clark* and *Mr. Robert W. Drake,* for appellee.

*Mr. Donald V. Wood, Jr.,* for appellant.

GUERNSEY, J. This is an appeal by defendant, Michael S. Wiseley, from a judgment of the Court of Common Pleas of Hancock County ordering real estate, the subject of a partition action initiated by the plaintiff, Linda S. Rankey, to be sold at sheriff's sale. Following is the chronological chain of pertinent events leading to this order:

1. October 30, 1981, complaint in partition filed by plaintiff owner of undivided one-half interest against co-tenant and lien holders.

2. March 4, 1982, partition decreed and sheriff ordered to have named commissioners set off plaintiff Rankey's and defendant Wiseley's interests in severalty, and make due return.

3. March 12, 1982, writ of partition returned, that commissioners cannot divide land without injury to its value and appraise same at $65,000.

4. June 16, 1982, plaintiff Rankey moves for confirmation of commissioners' report and for order of sale.

5. June 16, 1982, commissioners' return approved and confirmed and, it appearing that none of the parties have elected to take said property, sheriff's sale ordered.

6. June 23, 1982, notice of election of defendant Wiseley to purchase property as provided in R.C. Chapter 5307 filed.

7. June 24, 1982, notice of election of plaintiff Rankey to purchase property as provided in R.C. Chapter 5307 filed.

8. June 24, 1982, motion filed of defendant Wiseley for order approving his election and overruling plaintiff's election, or, in alternative, for order vacating previous order of sale and requiring hearing on plaintiff's motion filed June 16, 1982. Motion accompanied by affidavit of defendant Wiseley that he first became aware on June 23, 1982, when reading a public newspaper notice of sale that the property had been appraised, the appraisal approved and the real estate ordered sold, and had no knowledge prior to then that plaintiff had filed motion for confirmation and for order of sale. Motion also accompanied by affidavit of defendant's attorney to similar effect regarding attorney's knowledge.

9. June 25, 1982, motion of plaintiff Rankey for order denying elections of both parties.

10. July 8, 1982, entry of order appealed from, sustaining plaintiff's motion, denying both elections, and ordering sheriff to continue to advertise and proceed with sale as previously advertised.

Appellant Wiseley assigns error of the trial court in not permitting him to purchase the real estate at the appraised value.

The pertinent statutes, *i.e.,* R.C. 5307.09, 5307.10 and 5307.11, are substantially in the same form now as they were in 1908, which governed the fact situation when the Supreme Court decided *Darling* v. *Darling* (1911), 85 Ohio St. 27, held that "* * * the right of election should be exercised at the proper time, namely, after the report of the commissioners had been approved by the court, and before a sale was ordered," *id.* at 33, and set aside an election subsequently made on the fifth day prior to the day fixed for the sale. In that case, too, the sale was ordered on the same day that the commissioners' return was filed, and the objecting co-tenant did not know of another co-tenant's election made subsequent to the order of sale. Notwithstanding, the Supreme Court also held:

"When the proper time and opportunity for election had passed by and a public sale of the entire lands was being advertised, the right of election had gone by, unless it could be consented to by the other co-tenants. No such consent was asked or obtained, and the election in controversy is void, and the proceedings of the court of common pleas approving that election are likewise void." *Id.* at 33-34.

Based on the *Darling* case we are of the opinion that the Court of Common Pleas of Hancock County rendered a proper judgment in denying the elections and ordering the public sale to proceed. The assignment of error is not well-taken and the judgment must be affirmed.

*Judgment affirmed.*

MILLER, P.J., and COLE, J., concur.