CUSTER *v.* CUSTER.

(No. 81-DM-0875 — Decided June 3, 1985.)

Court of Common Pleas of Clermont County.

*George S. Maley,* for plaintiff.

*Morton I. Rosenbaum,* for defendant.

WATSON, J. The decree of divorce in the matter states:

"Further ordered, that Plaintiff shall have the right of occupancy of the family residence until sold, and shall make all mortgage payments of principal and interest, all utilities, adequate homeowner insurance, and real estate taxes, during the time of the pendency of this order, and the property shall be sold at such time as the younger of the minor children of the parties either completes, or should complete, the sixth grade education, or sooner should plaintiff abandon the property. Upon the sale of the property, the proceeds shall be applied first to the reasonable expenses of sale, second to any unpaid balance of the mortgage loan provided that any portion of the unpaid balance of the mortgage which should have been paid by the plaintiff shall reduce plaintiff's distribution share herein, third, $2,000 to the parents of the plaintiff and $1,500 to the parents of defendant, fourth, 60% of the undistributed balance shall be given to the plaintiff, out of which she shall pay any unpaid mortgage principal and interest, utilities, insurance premiums and real estate taxes which are due or payable for the term of her occupancy, and fifth, 40% of the undistributed balance after paying the first, second, and third provisions, herein, shall be given to the defendant."

On February 25, 1985, plaintiff, Deborah Custer, filed her motion for rule and to modify decree, asking that the court modify the provision to allow the plaintiff to sell the residence, and order the defendant, Carl Custer, to cooperate in that sale. Plaintiff, in her memorandum, stated that she wishes to sell the property, but that the youngest child has not yet completed the sixth grade. Plaintiff further indicated that defendant has refused to cooperate with her in the sale and that defendant contends that the provision requires plaintiff to stay in the marital residence until the child completes the sixth grade.

The report of the referee was filed on April 12, 1985, the motion having come on for hearing on March 29, 1985. The referee ruled that the plaintiff's right of occupancy cannot be interpreted as an obligation imposed upon her to remain on the premises until the youngest child completes or should complete the sixth grade, especially in light of defendant's objections to such right of occupancy. The referee noted that an earlier sale would benefit defendant by making his share of equity available to him in cash at an earlier date than that set forth in the decree. The referee found the court without power to modify the provision to order the parties to execute a listing agreement and/or deed based upon terms deemed reasonable by

one side. The referee advised that in the event of total non-cooperation between the parties an action in partition might be appropriate.

On April 16, 1985, plaintiff filed her objection to the report of the referee stating her position that the decree provision simply means that she has the right to sell the residence prior to the child reaching the sixth grade, that the defendant must cooperate in the sale, and that the distribution of the proceeds of a sale must be made in accordance with the decree. Plaintiff believes that the authority of the court to order the defendant to execute a listing agreement or deed is inherent in the provision of the decree quoted above. Plaintiff argues that this is not an impermissible modification of the decree, but is merely an interpretation of the existing language. Plaintiff asserts that the referee erred in refusing to order the defendant to cooperate in the sale and to execute all documents relating to that sale.

The matter came on for hearing before the court on May 8, 1985.

The court, being fully advised in the premises, finds that the referee did not abuse her discretion, nor act arbitrarily nor contrary to law in refusing to modify the decree so that defendant would be required to execute a listing agreement and/or deed for the sale of the property.

Ohio case law has long held that a division of property is not subject to modification for changed circumstances under the continuing jurisdiction of the court. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474], paragraph one of the syllabus. The decree provision herein divides the equity in the property, sixty percent to plaintiff and forty percent to defendant, and thus constitutes a division of marital property, not subject to modification. As related in Baldwin's Ohio Domestic Relations Law (1984) 304, Section 27.04:

"[A] number of options are available regarding disposition of the marital home. The court may leave title in both names but grant possession to one spouse only. This is frequently done to allow a custodial parent to remain in the marital dwelling with minor children for a certain period of time.* * *

"The court may also * * * order sale of the marital home, dividing the proceeds in a manner it determines to be equitable. Whatever its decision respecting the marital residence, the court may order one or both parties to continue to make the mortgage payments, pay the taxes, and maintain the insurance, either during the period prior to sale or coincident with ownership or occupancy by the other party."

In the original decree, the court left title in both names with possession to plaintiff, subject to sale and equitable division at a future date, as the treatise cited above explained. The decree, however, did not provide for specifics as to the sale of the property in the future. The court agrees with the conclusion reached by the referee, to wit, that the court is without power to modify the property division to provide for the specifics of the sale as to the execution of a listing agreement and deed by the parties, and that an action in partition is the appropriate remedy in the event that the parties remain uncooperative. The court also agrees that the interpretation of the provision reached by the referee — that a sale may be made prior to the youngest child's completing the sixth grade — is in accordance with law.

As to an action in partition, the court finds that it remains an option for the parties and would not be inconsistent with the prior divorce action. The court hearing the partition suit would be governed by the decree of divorce as to the percentages of equity assigned to each party. See *Fourman* v. *Fourman* (C.P. 1940), 34 Ohio Law Abs. 3 [20 O.O.54]. Although it has been written that where a divorce court has ordered a

division of property, a subsequent action for partition will not lie as a collateral attack on the earlier decree in which the property rights were completely adjudicated, 19 Ohio Jurisprudence 3d (1980) 287, Section 46, that principle is inapplicable herein, inasmuch as there was no adjudication as to arrangements for the sale of the property and any requirement that defendant execute a listing agreement or deed. The court finds that these issues in a partition suit would not be subject to any argument of collateral estoppel because specific arrangements for the execution of a deed or listing agreement were not necessary to the adjudication of the real estate to the divorce proceedings. Thus, partition would be an appropriate action.

The objection is not well-taken and is overruled.

*Objection overruled.*