**SWORD, Appellee,**

v.

**SWORD et al., Appellants.**

[Cite as *Sword v. Sword* (1993), 86 Ohio App.3d 161.]

Court of Appeals of Ohio,
Madison County.

Nos. CA92–07–016, CA92–08–019.

Decided Feb. 1, 1993.

162

*Alfred J. Frericks,* for appellee.

*Susan Sword, pro se.*

*Bernard McLoughlin, pro se.*

KOEHLER, Judge.

Defendants-appellants, Susan Sword and Bernard L. McLoughlin, appeal a decision of the Madison County Court of Common Pleas granting a petition by plaintiff-appellee, Larry Sword, for a writ of partition.

Appellee filed a petition on February 24, 1992, in which he alleged that he and Susan Sword, his former wife, each owned an undivided one-half interest in the property in question. He also alleged that McLoughlin claimed an interest in the property by virtue of a quitclaim deed from Susan Sword. Appellee asked that the property be partitioned, or sold if it could not be partitioned. Appellee also claimed that since appellants had exclusive occupancy of the property for fourteen months, he was entitled to an accounting and payment of his share of the reasonable rental value of the property. Appellants filed a counterclaim alleging that appellee had refused to reimburse them for his share of the real estate taxes and insurance for 1990 and 1991. They also alleged that they had made improvements to the property and that appellee should reimburse them for any increase in its value.

Appellee filed a motion for summary judgment. The trial court granted the motion, concluding that appellee and McLoughlin each owned an undivided one-half interest in the property, and that since appellee had a legal right to part of the estate, a writ of partition should issue. The trial court appointed three commissioners to make the partition pursuant to R.C. 5307.04.

On June 8, 1992, the commissioners filed a report stating that they were of the opinion that the estate could not be divided without manifest injury to its value. After a series of motions by appellants, appellee filed a motion asking the court to confirm the report of the commissioners and enter an order of sale. On July 8, 1992, the trial court confirmed the commissioners' report and ordered that the property be sold at public auction. This appeal followed.

■ As a preliminary matter, appellee has attached to his brief a motion for an order requiring appellants to pay his attorney fees and costs pursuant to App.R. 23. He argues that the appeal is frivolous and was taken merely to harass him. We conclude that the appeal was sufficient on its face, and therefore we deny appellants' motion. See *In re Estate of Hollingsworth* (1989), 58 Ohio App.3d 14, 15–16, 567 N.E.2d 1322, 1322–1324.

In response to appellee's motion, appellants filed a motion to strike appellee's brief, claiming that it did not respond to the arguments they made under their assignments of error. We find that appellee's brief, while far from being ideal,

meets the minimum requirements set forth in App.R. 16 and Loc.R. 11. Therefore, appellants' motion to strike is denied.

Turning to the merits of the appeal, appellants present six assignments of error for review. In their first assignment of error, they state that the trial court erred by denying them a jury trial. In their second assignment of error, appellants state that the trial court erred by granting summary judgment in favor of appellee. Since appellants argue these assignments of error together, we will consider them together.

■ Appellants claim that there were questions of material fact relating to the issues of rent, taxes, insurance, and improvements. They claim summary judgment was inappropriate and that they were entitled to a jury trial on these issues. We find this assignment of error to be well taken as it relates to appellants' arguments regarding rent, taxes, insurance, and improvements.

R.C. 5307.01 provides that "[t]enants in common, survivorship tenants, and coparceners, of any estate in lands * * * may be compelled to make or suffer partition * * *." R.C. 5307.04 further provides that "[i]f the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition thereof * * *."

Although the proceedings before the trial court were somewhat convoluted due to appellants' various filings, the material supporting and opposing summary judgment clearly demonstrate appellee was a cotenant with a legal interest in the property. Therefore, the trial court was required to grant his petition. *Lauer v. Green* (1918), 99 Ohio St. 20, 121 N.E. 821, paragraph one of the syllabus; *Hendrix v. Hendrix* (Aug. 26, 1981), Warren App. No. 422, unreported, at 4, 1981 WL 5176. There is no issue of material fact and appellee was entitled to judgment as a matter of law. Accordingly, summary judgment was proper as to the issue of whether a writ of partition should issue. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47–48; *Foster v. Foster* (Sept. 19, 1986), Montgomery App. No. 9850, unreported, at 5–6, 1986 WL 10318.

However, the trial court made no ruling at all on appellee's claim for rent and appellants' claims regarding taxes, insurance and improvements. These issues were all properly before the court in the partition action. See *Russell v. Russell* (1940), 137 Ohio St. 153, 17 O.O. 506, 28 N.E.2d 551; *Edwards v. Edwards* (1958), 107 Ohio App. 169, 8 O.O.2d 73, 157 N.E.2d 454; *Lipps v. Lipps* (1951), 90 Ohio App. 578, 48 O.O. 213, 100 N.E.2d 862; *Schippacasse v. Brandt* (App.1934), 17 Ohio Law Abs. 188. Therefore, we remand the case to the trial court to consider what, if any, setoffs are appropriate for rent, taxes, insurance, and improvements prior to the distribution of the sale proceeds.

■ However, this holding does not require a jury trial as contended by appellants. Even though partition is a statutory action, it is still equitable in character, *Wagner v. Armstrong* (1916), 93 Ohio St. 443, 455–458, 113 N.E. 397, 400–401; *Shively v. Shively* (1950), 88 Ohio App. 7, 16–17, 43 O.O. 385, 389–390, 95 N.E.2d 276, 282–283, and there is no right to a jury trial, *McRoberts v. Lockwood* (1892), 49 Ohio St. 374, 375, 34 N.E. 734, 735; *Barr v. Chapman* (C.P.1886), 11 Ohio Dec.Rep. 862, 867, affirmed *sub nom. Barr v. Closterman* (1887), 2 Ohio C.C. 387. Accordingly, appellants' first and second assignments of error are sustained in part and overruled in part.

■ In their third assignment of error, appellants state that the trial court erred by ruling that Susan Sword was not a co-owner of the property in question. She alleges that she did not intend to convey her entire interest in the property to McLoughlin under the quitclaim deed. We find this assignment of error is not well taken.

The record contains three deeds. The first is a fiduciary deed, numbered 11382, dated May 29, 1985, from Patricia Sue Hanson, executor, to Larry R. Sword and Susan L. Sword conveying an undivided one-half interest in the property. The second deed is a warranty deed, numbered 11383, also dated May 29, 1985 from Hanson, individually, to Larry and Susan Sword, conveying an undivided one-half interest in the property. The third is the quitclaim deed from Susan Sword to McLoughlin dated January 6, 1991, conveying an undivided one-half interest in the property.

Appellants claim that when Susan Sword executed the quitclaim deed to McLoughlin, she conveyed only a one-half interest in the property conveyed under the second deed from Hanson, numbered 11383, but not the first, numbered 11382. In other words, appellants claim Susan Sword conveyed one-half of a one-half interest in the property to McLoughlin. In support of their arguments, appellants point out that the prior deed reference in the quitclaim deed from Susan Sword to McLoughlin refers only to the volume and page number where the deed numbered 113883 is recorded. This argument, while interesting, is not persuasive.

■ The cardinal rule in the construction of deeds is that the parties' intention at the time of the execution of the instrument controls. *Siferd v. Stambor* (1966), 5 Ohio App.2d 79, 86, 34 O.O.2d 189, 193–194, 214 N.E.2d 106, 110–111; *Vale v. Stephens* (1927), 25 Ohio App. 523, 526, 159 N.E. 114, 115. A deed's language is conclusively presumed to express the parties' intention absent uncertainty in the language employed. *37 Robinwood Assoc. v. Health Industries, Inc.* (1988), 47 Ohio App.3d 156, 157, 547 N.E.2d 1019, 1020–1021. If the language used is clear and unambiguous, extrinsic oral evidence may not be

resorted to for purposes of defining and determining the mutual understanding of the parties. *Siferd, supra,* 5 Ohio App.2d at 86, 34 O.O.2d at 193–194, 214 N.E.2d at 110–111; *Vale, supra,* 25 Ohio App. at 526, 159 N.E. at 115.

Through the two deeds from Hanson, Larry and Susan Sword each owned an undivided one-half interest in the property as tenants in common. See *Heiden v. Howes* (1945), 77 Ohio App. 525, 33 O.O. 353, 67 N.E.2d 641. We have reviewed the 1991 quitclaim deed from Susan Sword to McLoughlin, and we find it to be unambiguous. Susan Sword expressly and clearly granted to McLoughlin an undivided one-half interest in the property, the entire interest she owned. Since the language in the deed is clear, appellants' statements in their affidavits to the effect that Susan Sword did not intend to convey her entire interest should not be considered.

Further, we do not think that the prior deed reference in the quitclaim deed from Susan Sword to McLoughlin, which refers only to one of the Hanson deeds, creates an ambiguity when the extent of the estate conveyed was fully described in clear and unambiguous language in the legal description and in other deed clauses. A prior deed reference is for use of future title examiners and does not modify the description of the premises conveyed. *Burks v. Louisville Title Ins. Co.* (1953), 95 Ohio App. 509, 513, 54 O.O. 128, 130, 121 N.E.2d 94, 97; *Stobbs v. Johnson* (Apr. 6, 1989), Belmont App. No. 88–B–3, unreported, 1989 WL 33685. Accordingly, we conclude that the trial court did not err in concluding that appellee and McLoughlin were the sole owners of the property and appellants' third assignment of error is overruled.[1]

In their fourth assignment of error, appellants state that the trial court erred by overruling their motion for a reappraisal of the property. They claim that the commissioners' appraisal of the property is erroneous, since the commissioners did not view the interior of the residence and see its disrepair. We find this assignment of error is not well taken.

R.C. 5307.09 states that "[w]hen the commissioners * * * are of opinion that the estate cannot be divided according to the demand of the writ of partition without manifest injury to its value, they shall return that fact to the court of common pleas with a just valuation of the estate." In the absence of evidence to the contrary, it is presumed that the commissioners acted in good faith and with judgment and discretion. *Smith v. Baumann* (App.1927), 5 Ohio Law Abs. 725,

---

1. Appellant contends that Susan Sword is not a party in interest. However, any person claiming any interest in the land is a proper party in a partition action. *Hampshire Cty. Trust Co. v. Stevenson* (1926), 114 Ohio St. 1, 150 N.E. 726; *Elliott v. Jerman* (C.P.1953), 66 Ohio Law Abs. 67, 116 N.E.2d 50. Since Susan Sword claims an interest in the land by virtue of at least one of the deeds from Hanson, she is a proper party.

725–726. "The court will seldom fail to approve the action of the commissioners except in case of intentional misconduct, corruption, partiality, an exceeding of their authority, gross inequality or the like." *Forest Park Properties, Inc. v. Pine* (1966), 9 Ohio App.2d 348, 353–354, 38 O.O.2d 427, 430–431, 224 N.E.2d 763, 767–768. Appellants presented no evidence of any irregularity by the commissioners in valuing the property. Accordingly, we conclude that the trial court did not abuse its discretion overruling appellants' motion for a reappraisal and by confirming the commissioners' report. Appellants' fourth assignment of error is overruled.

■ In their fifth assignment of error, appellants state that the trial court lacked subject matter jurisdiction as to Susan Sword. They claim that because the domestic relations court ordered that the property be sold in the divorce decree terminating the marriage of Larry and Susan Sword, the matter is *res judicata* and the trial court lacks subject matter jurisdiction. We find this assignment of error is not well taken.

We need not reach the issue of whether the partition action is an impermissible collateral attack on the divorce decree, see *Custer v. Custer* (C.P.1985), 23 Ohio Misc.2d 27, 28–29, 23 OBR 250, 251–252, 491 N.E.2d 1145, 1146–1147, since Susan Sword no longer owns any interest in the property.[2] We conclude that the provisions of the divorce decree are no longer relevant, since Susan Sword conveyed her entire interest to a third party. A partition action is now the proper way to separate the cotenants' interests. Accordingly, appellants' fifth assignment of error is overruled.

■ In their sixth assignment of error, appellants state that the trial court erred "by ordering a sheriffs [*sic*] sale and payment in full." They argue that they were not given an opportunity to elect to take the property before the sale was ordered. They also argue that the trial court should not have ordered that the sale be made with payment of the purchase money in cash. We find this assignment of error not well taken.

R.C. 5307.09 provides that if the commissioners recommend that the property be sold and the trial court approves, one or more of the parties may elect to take the estate at the appraised value. However, the election must be made prior to the order of sale or it is void. *Darling v. Darling* (1911), 85 Ohio St. 27, 33, 96 N.E. 939, 941; *Rankey v. Wiseley* (1983), 11 Ohio App.3d 73, 74, 11 OBR 124, 125, 463 N.E.2d 59, 60–61. This rule has been applied even though the confirmation of the commissioner's report and order of sale were made on the same day.

---

**2.** There is no copy of the divorce decree in the record. However, Susan Sword states in her affidavit that the decree did not contain any restraint on the alienation of her interest in the property.

*Rankey, supra.* This case involved some procedural irregularities, mainly due to appellants' numerous filings. Nevertheless, we conclude that McLoughlin had opportunities to indicate his intent to make the election prior to the order of sale, yet he did not. Since McLoughlin's election was not made until after the order of sale, it is void.

▮ Appellants also argue that the trial court should not have ordered that the purchase money for the property be paid in cash. R.C. 5307.12 provides that, "[u]nless by special order, on good cause shown, the court directs the entire payment to be made in cash, the purchase money shall be payable one-third on the day of sale, one-third in one year, and one-third in two years thereafter, with interest." The trial court's conclusion that there was good cause shown is supported by the record. Litigation between the parties has been going on for approximately two years. There is obvious animosity between the parties and many of the documents in the present case were filed solely to delay or harass. The need to separate these parties' interests as soon as possible is manifest from the record, and to allow three separate payments would further delay the proceedings. Accordingly, appellants' sixth assignment of error is overruled.

The judgment is affirmed in part and reversed in part and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment accordingly.*

JONES, P.J., concurs separately.

YOUNG, J., concurs separately.

JONES, Presiding Judge, concurring separately.

I agree that the matter should be remanded to the trial court for an accounting of rent, taxes, insurance and improvements. I write separately, however, because I believe the confusing language the majority uses in analyzing the first and second assignments of error apparently gives appellants a right to a jury trial with respect to these issues.

Appellants' first assignment of error states that: "The trial court errored [*sic* ] to the prejudice of appellants by denying them a jury trial." The majority then combines this assignment with the second assignment that challenges the summary judgment. The majority observes that appellants claim "they were entitled to a jury trial on these issues [rent, insurance, taxes and improvements]." The court then states that "this" assignment is well taken although it is unclear whether the majority is referring to the first, second or combined assignment of error. The court later correctly observes that partition is an equitable action with no right to a jury trial, but compounds the problem by holding that

appellants' first and second assignments of error are sustained in part and overruled in part.

I cannot understand how the first assignment can be sustained in part and overruled in part. If, as the majority asserts, there is no right to a jury trial, the first assignment should be overruled. I believe such is the correct disposition and should be emphasized to avoid any confusion. On this basis, I would concur with the decision to remand the matter.

WILLIAM W. YOUNG, Judge, concurring separately.

Unless I misread the majority opinion herein, it is clearly stated: "However, this holding does not require a jury trial as contended by appellants."

Since I believe that this is the holding of the case, I concur.