793 F.2d 1291
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CARMEN DeLEONE; LOIS LAVON HOLLAND, Defendants/Third Party
Plaintiffs-Appellants,
vs.
UNITED STATES OF AMERICA and TITLE INSURANCE COMPANY OF
MINNESOTA, Third Party Defendants-Appellees.
 85-3439
 United States Court of Appeals, Sixth Circuit.
 5/20/86
 
 AFFIRMED
 N.D.Ohio
 On Appeal from the United States District Court for the Northern District of Ohio
 Before: KRUPANSKY and GUY, Circuit Judges, and HOLSCHUH, District Judge.*
 PER CURIAM.
 
 
 1
 Third party plaintiffs, Carmen DeLeone and Lois Lavon Holland (DeLeone), appeal from summary judgments granted to third party defendants United States of America (U.S.) and the Title Insurance Company of Minnesota (Insurance Company). Since we agree with Judge Dowd that there were no factual disputes and that the third party defendants were entitled to summary judgment, we affirm.
 
 
 2
 This litigation began as a minor border dispute between two residential neighbors. The original plaintiffs, Claude and Edith Nagy (Nagy) and the original defendants, the DeLeones, owned residential lots that abutted at the rear. A survey revealed that the DeLeone parcel overlapped the Nagy parcel by ten feet. The Nagys sued to establish title to the disputed ten feet, and the DeLeones counterclaimed and also filed a third-party complaint against the U.S. and the Insurance Company. The complaint against the U.S. was based upon the fact that the United States Veterans Administration (VA) had been the DeLeones' grantor of the property in question, and the Insurance Company had issued a title guaranty to the Administrator of the VA. The Nagys and DeLeones amicably resolved their dispute, and the Nagys conveyed the disputed ten feet to the DeLeones. The third-party complaint which essentially boils down to a claim for attorney fees was resolved on cross-motions for summary judgment decided in favor of the third-party defendants.
 
 
 3
 On appeal, the DeLeones raise two issues. First, they contend that the Insurance Company had a duty to defend the Nagy suit as a result of having issued a Title Guaranty on the lot in question. Second, they allege that the U.S. is liable for their costs of defense since the warranty of title contained in the limited warranty deed executed by the Administrator of the VA was breached.
 
 I.
 THE DUTY TO DEFEND
 
 4
 The DeLeone argument on this issue is predicated upon the theory that Ohio law requires that under any policy of insurance, if there is even a possibility of coverage, an insurance company must defend.[1] City of Willoughby Hills v. Cincinnati Insurance Co., 9 Ohio St.3d 177 (1984). The Insurance Co. makes several legal arguments counter to the DeLeone position, but we need only consider one since we find it dispositive as did the trial judge. The title guaranty policy here provides that: 'This Title Guaranty is a guaranty of record title only, as disclosed by an examination of the public records herein defined in the chain of title ownership.' The title guaranty must be construed in accordance with the terms, conditions, and limitations contained in the guaranty. Medieros v. Guardian Title and Guaranty Agency, 57 Ohio App.2d 257 (Cuy. County 1978). The title guaranty document itself does not define 'chain of title' but it is defined by Black's Law Dictionary (5th ed. 1979) as 'successive conveyances or other forms of alienation affecting a particular parcel of land, arranged consecutively, from the government or original sources of title down to the present holder.' Id. at 208. As evidenced by the undisputed affidavit of the Insurance Co. in support of its summary judgment motion, the procedure followed routinely by the Insurance Co. was to search the chain of title using previous owners' names as grantors back to the year 1900. They would then search forward in time following the indices of public records for those grantors to determine if any of them granted an interest in the property or conveyed less of the fee interest than he purported to pass.
 
 
 5
 The DeLeones do not contest the fact that the chain of title is as represented by the Insurance Co. They argue, however, that in the records of the 'Clerk of Court of Common Pleas' is to be found evidence of litigation dealing with the subdivision in which the property in question is located.[2] There are two reasons why this argument is unpersuasive. First, none of the litigation involved the DeLeones, the VA, or Lot No. 55. Second, a search of the public records of the 'chain of title' ownership of Lot No. 55 would only reveal whether the property was subject to mortgage, lien, or other encumbrance. It would reveal nothing as to survey errors relative to Lot No. 55. The litigation did not involve the DeLeones' predecessors in title or grantor. Thus, we conclude, as did Judge Dowd, that the guaranty in question is not insurance of good title under all conditions, but rather is a guaranty that record title as evidenced in the chain of title ownership found in the public records was properly vested in the Administrator of Veterans Affairs, to whom this guaranty was issued.[3] Where the claim is clearly outside of the coverage provided, there is no duty to defend.[4]
 
 II.
 BREACH OF THE WARRANTY OF TITLE
 
 6
 The summary judgment motion filed by the U.S. was predicated upon the statutory definition of 'limited warranty deed,' found in Ohio Rev. Code Sec. 5302.07, et seq.:
 
 
 7
 A deed in substance following the form set forth in this section, when duly executed in accordance with Chapter 5301. of the Revised Code, has the force and effect of a deed in fee simple to the grantee, his heirs, assigns, and successors, to his and their own use, with covenants on the part of the grantor with the grantee, his heirs, assigns, and successors, that at the time of the delivery of such deed the premises were free from all encumbrances made by him, and that he does warrant and will defend the same to the grantee and his heirs, assigns, and successors, forever, against the lawful claims and demands of all persons claiming by, through, or under the grantor, but against none other.
 
 
 8
 Section 5302.08 of the Ohio Revised Code sets out the meaning of limited warranty covenants:
 
 
 9
 In a conveyance of real estate, or any interest therein, the words 'limited warranty covenants' have the full force, meaning, and effect of the following words: 'The grantor covenants with the grantee, his heirs, assigns, and successors, that the granted premises are free from all encumbrances made by the grantor, and that he does warrant and will defend the same to the grantee and his heirs, assigns, and successors, forever, against the lawful claims and demands of all persons claiming by, through or under the grantor, but against none other.'
 
 
 10
 It is undisputed that the conveyance here was by limited warranty deed. The DeLeones counter the Government's arguments by claiming that although by statute grantors in limited warranty deeds are liable only for encumbrances made by them, we are not dealing with an encumbrance here. Accepting this proposition as true for the purposes of discussion, it still does not refute the Government's other contention that the limited warranty involves only claims and demands made by persons 'claiming by, through, or under the grantor, but against none other.' Ohio Rev. Code Sec. 5302.07. It is clear here that the Nagy claim against the DeLeones is not made by a person claiming through or under the grantor. The Construction of limited warranty deeds urged by the DeLeones would eliminate the distinction between general and limited warranty deeds.[5] The trial court correctly concluded that no claim of breach of warranty against the Government was appropriate under these circumstances.[6]
 
 
 
 *
 Honorable John D. Holschuh, United States District Court, Southern District of Ohio, sitting by designation
 
 
 [1]
 This litigation was initially started in state court but was removed to the United States District Court when the United States was made a third-party defendant
 
 
 [2]
 Lot No. 55 in the League Park Allotment
 
 
 [3]
 The DeLeones' heavy reliance on this issue on Burks v. Louisville Title Ins. Co., 95 Ohio App. 509 (Summit County, 1953), is misplaced. Burks is distinguishable in that the deed contained a metes and bounds description and also indicated the total area of land purportedly conveyed--3.30 acres. It was apparent from the record chain of title that Burks' grantor had earlier conveyed part of this tract to another. Further, in Burks there was a challenge to the fee ownership. No such challenge is presented here where it was undisputed that the DeLeones were the fee owners of Lot No. 55
 
 
 [4]
 The cases relied on by the DeLeones on the specific issue of duty to defend are all distinguishable primarily on the basis that they involved comprehensive general liability policies which contained 'duty to defend' language within the policy. Also, although it is true that policy coverage ambiguities should be resolved in favor of the insured, here, there were no ambiguities and the obligations of the Insurance Co. were clear
 
 
 [5]
 Since the DeLeones did not oppose the Government's summary judgment motion in the trial court, there is also the question as to whether they have even preserved this issue for appeal
 
 
 [6]
 It should also be noted that since the DeLeones suffered no loss due to the manner in which this boundary dispute was resolved, their claim against the U.S. is only for attorney fees. Although the U.S. like any other grantor would be liable for deed warranties, there is a question as to whether they would also be liable for attorney fees. It is less than clear as to whether sovereign immunity would bar this type of claim, and that a recovery, if any, would have to be by a prevailing party under the Equal Access to Justice Act, 5 U.S.C. Sec. 504, et seq. (1985). Since this issue was not raised, we do not resolve it, however